■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLUMBUS RICHIE, Appellant.—Appeals by defendant from two judgments of the Supreme Court, Suffolk County, both rendered July 13, 1978, one (Indictment No. 1102-74) convicting him of attempted assault in the second degree and the other (Indictment No. 14-74) convicting him of attempted criminal possession of a controlled substance in the sixth degree, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial

of that part of defendant's motion which was to suppress certain physical evidence. Judgment (Indictment No. 14-74), reversed, on the law, motion to suppress granted in its entirety, indictment dismissed and case remitted to the Supreme Court, Suffolk County for the purpose of entering an order in its discretion pursuant to CPL 160.50. Judgment (Indictment No. 1102-74) reversed, on the law, guilty plea vacated, and case remitted to the Supreme Court for further proceedings (see *People v Clark,* 45 NY2d 432, 440). We are of the opinion that the court erred in failing to grant the motion to suppress in its entirety. Although the initial stop of the vehicle driven by defendant was lawful, the officers' subsequent search of the vehicle was not. Even though it appears that the pipe was in plain view, it cannot be said that it was immediately apparent that the pipe was either evidence or contraband (cf. *Coolidge v New Hampshire,* 403 US 443, 466). Accordingly, having concluded that the search was unlawful, the fruits of that unconstitutional search must be suppressed. The tangible evidence in this case (Indictment No. 14-74) was revealed as a direct consequence of the search. Consequently the indictment must be dismissed. Damiani, J. P., Gibbons, Gulotta and Martuscello, JJ., concur.