■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD COOK and MICHAEL HIRNIAK, Appellants. — Appeals by defendants from two judgments (one as to each of them) of the County Court, Westchester County (Brown, J.), both rendered November 24, 1980, convicting both defendants of burglary in the third degree, petit larceny, criminal possession of stolen property in the third degree and possession of burglar's tools, upon their pleas of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of defendants' motions to suppress physical evidence. Judgments reversed, on the law, motions to suppress granted, pleas vacated, and case remitted to the County Court, Westchester County, for further proceedings consistent herewith. On October 22, 1979, Police Officer Witkowski received a telephone call from a woman, known to him to be Mrs. Clara Wanco. Mrs. Wanco told Officer Witkowski that "apparently a burglary was in progress at her building". She gave the following account of what she saw: "One was a black male, and one was a white male, and they were carrying a box and they got into a large red beaten up American car and they proceeded out of the buiding complex and were driving south on Broadway in the red vehicle." Two police officers who were in the station house when Officer Witkowski received the call were dispatched to investigate. As they were traveling on the street named by Mrs. Wanko, the officers spotted a red vehicle

stopped at an intersection waiting for the traffic light to turn green. A white male was operating the vehicle and a black male was the passenger. The officers turned on their flashing red light and the driver, defendant Hirniak pulled the car to the side of the road and stopped. One of the officers exited from the patrol car and Hirniak exited from his car. The officer approached Hirniak, saw a box in the rear of the vehicle, and asked Hirniak if he had taken the box from 739 Broadway, the building indicated by Mrs. Wanko. Hirniak replied no. The officer stated that he had information to the contrary and placed both defendants under arrest. Defendants argue that they were subjected to an unlawful arrest because the information supplied by Mrs. Wanko did not meet the standard of probable cause to arrest, that the police observations made after stopping the defendants did not raise the level of information to probable cause to arrest and that the evidence seized from the vehicle should therefore have been suppressed. The court erred in denying defendants' motions to suppress. Although the initial stop of the vehicle was lawful for the purpose of making inquiries (see *People v Morales,* 42 NY2d 129, 137; *People v De Bour,* 40 NY2d 210; *People v Finlayson,* 76 AD2d 670), the immediate arrest of the defendants was not based upon probable cause (see *People v Davis,* 36 NY2d 280, 282; *People v Hodges,* 55 AD2d 684). Since the arrest was unlawful, the fruits of the unconstitutional conduct must be suppressed (see *Dunaway v New York,* 442 US 200; *Wong Sun v United States,* 371 US 471; *People v Richie,* 77 AD2d 667). Mollen, P. J., Hopkins, Titone, Weinstein and Bracken, JJ., concur.