■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN SHERMAN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered September 12, 1983, convicting him of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

*Judgment affirmed.*

The vehicle which defendant was driving was properly stopped by the police. The apparent lack of a front license plate gave the officers reason to suspect a violation of the Vehicle and Traffic Law (see Vehicle and Traffic Law, § 402; *People v Ingle,*

36 NY2d 413; *People v Harrison,* 83 AD2d 965, affd 57 NY2d 470). That was sufficient, in itself, to justify the stop, at which time the police officers discovered a weapon in plain view on the floor of the vehicle. As to the prosecutor's reference to defendant's prior criminal offenses and prior bad acts, both in cross-examination and on summation, these matters were properly explored as being probative on the issue of defendant's credibility on the witness stand. We find that it is improbable that the jury was prejudiced by such remarks, or that defendant was convicted on the basis of his prior acts, since the jury acquitted defendant on one of the weapons possession charges. Under the circumstances, it seems clear that the jury evaluated the evidence in this case in reaching its verdict and was not swayed by the evidence of defendant's previous criminal activity. We also note that defendant does not challenge on this appeal the outcome of the *Sandoval* hearing. In any event, defense counsel failed to object to that portion of the prosecutor's summation of which he now complains. Therefore, the error, if any, was unpreserved for appellate review as a matter of law (see *People v Jones,* 89 AD2d 875). Because we do not believe that defendant was deprived of a fair trial, we decline to exercise our interest of justice jurisdiction.

Defendant's remaining contention has been reviewed and found to be meritless. Weinstein, J. P., Brown, Rubin and Eiber, JJ., concur.