■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS FIGUEROA, Appellant. — Reargument of an appeal by defendant from a judgment of the Supreme Court, Queens County (Weiss, J.), rendered December 7, 1979, convicting him of criminal sale of a controlled substance in the sixth degree, criminal possession of a controlled substance in the sixth degree, criminal sale of marihuana in the fourth degree and criminal possession of marihuana in the fifth degree, upon a jury verdict, and imposing sentence. By order of this court dated May 31, 1983 the judgment was reversed, a motion to suppress was granted and a new trial was ordered (*People v Figueroa,* 94 AD2d 801). The Court of Appeals thereafter granted leave to appeal but later dismissed the appeal on May 8, 1984, holding that this court's determination was made as a matter of discretion in the interest of justice and thus was not appealable to the Court of Appeals (62 NY2d 727). This court granted reargument on September 13, 1984.

Upon reargument, the order and decision of this court, both dated May 31, 1983, are recalled and vacated and the judgment rendered December 7, 1979 is affirmed.

The case involves a "buy and bust" operation. At the suppression hearing, the backup officers testified that they saw some hand motions, and it appeared that defendant was conversing with the undercover officer. They could not see the actual drug transaction, however. Upon receiving a radio communication from the undercover officer that a sale had taken place, they proceeded to take a codefendant into custody. The undercover officer had already arrested defendant.

Upon these facts, the hearing court found that there was probable cause to arrest, and evidence seized at the time of the arrest did not have to be suppressed. Although this court initially determined that the undercover officer's testimony was required at the suppression hearing in light of the decision of the Court of Appeals in *People v Petralia* (62 NY2d 47), we are constrained to conclude that his presence was not necessary. The testimony of the backup team contained sufficient evidence to support a finding of probable cause; therefore, the items seized need not be suppressed.

Although the prosecutor was somewhat overzealous, and his questioning of defendant on occasion was improper, these errors are harmless in view of the overwhelming proof of guilt (*People v Ormond,* 73 AD2d 629). Defendant's own testimony established the necessary elements of the crimes, and did not suffice to support any cognizable defense. Because there was no significant probability that the jury would have acquitted him had the remarks not been made (*People v Diaz,* 73 AD2d 604), reversal is not mandated. Bracken, J. P., O'Connor, Weinstein and Brown, JJ., concur.