■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK GRIER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Finnegan, J.), rendered October 15, 1984, convicting him of criminal possession of a controlled substance in the third degree and unlaw-

ful possession of marihuana, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 4½ to 9 years, and a definite term of 15 days, respectively, the sentences to run concurrently. The defendant was also sentenced to a definite term of imprisonment of one year upon a purported conviction of criminal possession of a controlled substance in the seventh degree, under the fifth count of the indictment, although the jury, pursuant to the court's instructions, returned no verdict on that count.

Judgment modified, on the law, by vacating the sentence imposed on the charge of criminal possession of a controlled substance in the seventh degree and dismissing the fifth count of the indictment. As so modified, judgment affirmed, and matter remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

Although two counts of criminal possession of a controlled substance in the seventh degree were submitted to the jury, they were submitted as lesser included offenses, and as the jury convicted the defendant of the greater offenses no verdict was returned on these counts. Thereafter, the court, upon motion, dismissed three counts of the indictment, including one of the seventh degree possession charges, leaving the other such charge under the fifth count of the indictment. As no verdict was rendered on the fifth count of the indictment, it was error for the court to impose a sentence thereon and it should have been dismissed (see, People v Palmer, 104 AD2d 912).

The testimony of the police witness at the defendant's *Mapp* hearing concerning the content of the radio transmission received from the observing officer was sufficient to establish probable cause to arrest (see, People v Petralia, 62 NY2d 47, 50-52, cert denied 469 US 852; People v Figueroa, 111 AD2d 406). At best, the issue of the communication's reliability was raised only as a peripheral reference during argument at the end of the suppression hearing, which is insufficient to preserve the issue for appellate review (see, People v Fenner, 61 NY2d 971; People v Bowdoin, 89 AD2d 986). The defendant's claim of error with respect to the court's interested witness charge similarly has not been preserved, the defendant having failed to either make an objection or request the additional charge he claims should have been given. Mangano, J. P., Gibbons, Lawrence and Kunzeman, JJ., concur.