■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PHILLIPS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered March 1, 1985, convicting him of attempted criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of stated portions of the defendant's motion to suppress evidence.

Judgment affirmed, and case remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

On January 9, 1984, at about 7:40 P.M., State Trooper William S. Napolitano was making a routine patrol of a gas station along the Northern State Parkway in Carle Place. In the parking lot adjacent to the station he observed a vehicle occupied by the defendant without any license plates. He drove up to the vehicle and stopped his patrol car perpendicular to, and about three feet behind, the car, blocking the car and preventing it from leaving. Affixed to the rear window of

the vehicle was a small "in-transit" tag used as a temporary registration document. The trooper then discovered, upon closer examination, that the tag had expired and that there was no inspection sticker. A radio check revealed that the defendant's driver's licenses from New York and Florida were valid, that the vehicle had not been reported stolen, and that there were no outstanding warrants for the defendant. The vehicle was, however, uninspected, unregistered and possibly uninsured.

The trooper then asked the defendant if he could look in the vehicle. The defendant replied "Yes". Trooper Napolitano opened the passenger door and spotted a brown manila envelope on the back seat. He opened it and found a clear plastic bag with marihuana in it. Trooper Napolitano then placed the defendant under arrest. A continued search revealed a quantity of cocaine and a gun holster. He asked the defendant where the gun was but received no response. A search of the trunk revealed a .45 caliber weapon and an ammunition clip.

The defendant moved to suppress, among other things, all physical evidence obtained during Trooper Napolitano's search. At the hearing on the motion, the defendant testified that he did not consent to a search of the interior of his vehicle and that Trooper Napolitano never requested his consent. Crediting the testimony of the People's witness, the court denied so much of the defendant's motion as was for the suppression of the physical evidence.

The action of Trooper Napolitano in stopping perpendicular to the defendant's vehicle so that it was blocked constituted a seizure within the meaning of the 4th Amendment (see, People v Cantor, 36 NY2d 106, 112; People v Harrison, 57 NY2d 470). The seizure of the defendant was justified based upon Trooper Napolitano's observations that the car was unlicensed, giving him a reason to suspect a violation of Vehicle and Traffic Law § 402 (People v Sherman, 106 AD2d 416; see also, People v Harrison, supra). The continued investigation, including the request for the defendant's driver's licenses and documentation for the vehicle was further justified by Trooper Napolitano's observation that the "in-transit" tag had expired.

The defendant takes exception to the finding of the hearing court that Trooper Napolitano's testimony was credible and that consent for the search of the vehicle had been properly elicited. This court recognizes that it has the power to make new findings of fact when it deems that the findings under review are against the weight of the evidence (People v Lopez,

95 AD2d 241). However, we decline to do so. New findings of fact are not warranted here when the evidence elicited at the hearing is viewed in the light most favorable to the People *(see, People v Ottomanelli,* 107 AD2d 212, 217; *People v Lopez, supra).* The defendant testified that at all times he cooperated with Trooper Napolitano. It is not difficult to believe that he consented to the search hoping for a cursory investigation which would turn up nothing. Additionally, based upon the totality of the circumstances, we agree that the consent was voluntary and not coerced in any way *(see, Schneckloth v Bustamonte,* 412 US 218; *People v Gonzalez,* 39 NY2d 122, 128). Therefore, the judgment of conviction is affirmed. Weinstein, J. P., Rubin, Eiber and Spatt, JJ., concur.