■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFRED McBEAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered March 20, 1983, convicting him of criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Judgment affirmed.

Police Officer William Nevins testified that on March 21, 1983, at about 7:35 P.M., he and his partner, Robert Martin, were on plain-clothes duty in an unmarked police car when they pulled up behind the defendant's vehicle at the corner of Rodgers Avenue and Eastern Parkway in Brooklyn. Of the three male occupants, the defendant, who was driving, and a front seat passenger were observed drinking beer from bottles after the officers had pulled up alongside the vehicle. After the defendant's vehicle turned left onto Eastern Parkway, the officers caused it to pull over and exited their own vehicle with their guns drawn at their sides. The officers approached the car from both sides, and, when Police Officer Martin yelled "Watch out, he's got a gun", Officer Nevins raised his

gun, trained it on the driver and said "Police, don't move". He ordered the defendant out of the car and observed him attempting to reach under the front seat. After the defendant was handcuffed, a search of the car revealed a .357 magnum revolver under the driver's seat, another pistol in the back seat, several bottles of beer and some marihuana. A search of the defendant at the precinct uncovered narcotics. That branch of the defendant's omnibus motion which was to suppress the evidence was denied, and he subsequently pleaded guilty.

Police Officer Martin was not called as a witness at the suppression hearing, and the only witness presented by the defendant was his brother, Lenox Stanley, who stated that he owned the car the defendant was driving and had lent it to him on the day in question.

That branch of the defendant's motion which was to suppress the physical evidence seized from the vehicle was correctly denied. In determining whether the totality of circumstances warranted certain actions taken by the police, this court has stated: "[I]n assessing these confrontations, *it is absolutely essential that courts reach determinations based not upon some abstract or illusory notion of what police-citizen encounters ought to be like in an ideal world but upon an objective evaluation of the realities of the encounter as it occurred.* (See *Elkins v United States,* 364 US 206, 222, *supra; People v Rivera,* 14 NY2d 441, 446, cert den 379 US 978, *supra; People v Cunningham,* 71 AD2d 559, 560; see, also, *People v Crippen,* NYLJ, March 14, 1980, p 6, col 4.) The reasonableness of the officer's conduct must depend upon the actualities of life under the circumstances in which the confrontation takes place including, although not limited to, his reasonably based fears growing out of the occurrence of prior acts of violence directed at the police. Tragically, attacks upon policemen seem to have become almost commonplace in modern urban society, and courts simply cannot remain unmindful of the alarming frequency with which they occur, for as CARDOZO, J., warned, 'we are not to close our eyes as judges to what we must perceive as men.' *(People ex rel. Alpha Portland Cement Co. v Knapp,* 230 NY 48, 63; see, also, *Watts v Indiana,* 338 US 49, 52)" *(People v Finlayson,* 76 AD2d 670, 680, *lv denied* 51 NY2d 1011, *cert denied* 450 US 931).

Here it is clear that the initial stop of the defendant's vehicle was proper based upon the police officers' observation of the defendant and 1 of 2 passengers drinking beer in violation of Vehicle and Traffic Law § 1227 *(see, People v Ellis,*

62 NY2d 393; *People v Ingle,* 36 NY2d 413). Further, approaching the vehicle with guns drawn but held at their sides was a minimal intrusion warranted as a protective measure. The two officers were faced with a situation of three males in a car at twilight in a high crime area. There was a present possibility that some of the vehicle's occupants may have been intoxicated and that the glass beer bottles could be used as weapons against the officers.

Based upon the analysis of such encounters set forth in *People v Finlayson (supra)* we find that, under the totality of the circumstances here, the initial police action was reasonable and justified by a proper regard for the personal safety of the police officers.

The subsequent observation of the handgun in the rear seat warranted escalating the confrontation into a seizure of the defendant's person *(see, People v Lemmons,* 40 NY2d 505; *People v Sherman,* 106 AD2d 416). We note that the People's failure to call as a witness the officer who made that observation was not fatal to the establishment of probable cause *(see, People v Petralia,* 62 NY2d 47, *cert denied* 469 US 852). Lazer, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.