■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY ADAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered July 28, 1981, convicting him of robbery in the first degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence. The defendant was also sentenced upon a purported conviction of criminal possession of a weapon in the third degree, although the jury, pursuant to the court's instructions, returned no verdict on that count. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain identification testimony and physical evidence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed on the charge of criminal possession of a weapon in the third degree, that charge is dismissed, and as so modified, the judgment is affirmed.

We find, upon review of the record, that the police had reasonable suspicion to stop the car in which the defendant was apprehended on the basis of a radio bulletin describing a vehicle of similar make and color which had been observed minutes before near the scene of an armed robbery (see,

*People v Rosario,* 94 AD2d 329, 332; *People v Cook,* 85 AD2d 672). The subsequent actions of the police in approaching the car with guns drawn *(see, People v Brnja,* 50 NY2d 366, 372) and ordering the driver out of the vehicle *(see, People v Livigni,* 88 AD2d 386, *affd* 58 NY2d 894) were likewise justified as appropriate measures to insure their safety *(see, People v Finlayson,* 76 AD2d 670, 678-679, *lv denied* 51 NY2d 1011, *cert denied* 450 US 931). We further find that the police had probable cause to arrest the defendant and his codefendants following the discovery of a gun in plain view on the front seat of the car *(see, People v David L.,* 56 NY2d 698, *cert denied* 459 US 866). The police were therefore entitled to search not only the defendant, as incidental to his lawful arrest *(see, People v Perel,* 34 NY2d 462), but also the vehicle since it was observed at the scene of the earlier robbery and was hence likely to contain evidence related to the crime *(see, People v Belton,* 55 NY2d 49, 54-55), Thus, the hearing court properly denied those branches of the defendant's omnibus motion which were to suppress both the physical evidence recovered as a result of the search and the subsequent showup identification by the witness Loftman as fruits of an illegal arrest.

We also find, with respect to that branch of the motion which was to suppress the identification testimony, that the witness Loftman viewed the perpetrator of the robbery for two or three minutes during the commission of the crime in a well-lighted store, from a distance of approximately three feet. The hearing court therefore properly declined to suppress her identification testimony *(see, People v Adams,* 53 NY2d 241).

The sentence imposed on the purported conviction of criminal possession of a weapon in the third degree is vacated, inasmuch as the jury, pursuant to the court's instructions, did not return a verdict on this count *(see, People v Richards,* 121 AD2d 660; *People v Grier,* 118 AD2d 727; *People v Palmer,* 104 AD2d 912).

We have examined the remainder of the defendant's contentions and have found them to be without merit. Brown, J. P., Weinstein, Lawrence and Kooper, JJ., concur.