THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON MELVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered November 14, 1985, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed on the law, the aforementioned branch of the motion is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On May 4, 1984, at approximately 6:30 P.M., off-duty Police Officer Thomas Leonardi was driving in the vicinity of Bergen Street and Fifth Avenue, in Kings County, when he noticed three males exiting from a parked car. The officer, suspecting that one of these men was wanted in connection with a recent homicide, drove back to his precinct in order to obtain some assistance. He subsequently returned to the location where the car had been parked and noticed that the three men were now seated in the parked automobile. Officer Leonardi then observed members of his command drive by. He proceeded to flag down his fellow officers and informed them that one of the occupants seated in the parked vehicle was wanted in connection with a homicide. Based upon this information, Police Officer George Oeschler approached the parked automobile. At this juncture, the defendant, who was seated in the driver's seat, opened the car door and attempted to exit the vehicle. Officer Oeschler, however, grabbed the car door and effectively prevented the defendant from leaving the vehicle. In so doing, the officer noticed a paper bag fall from the defendant's lap to the floor of the vehicle. He was able to observe that inside the paper bag was a sealed plastic bag containing a white powder.

The defendant and his companions were consequently arrested and the plastic bag, which was later found to contain cocaine, was retrieved by the police. A search of the interior of the vehicle was subsequently conducted; however, no further contraband was discovered.

Contrary to the conclusions of the hearing court, we find that the branch of the defendant's omni-bus motion which was to suppress the cocaine should have been granted.

In *People v Harrison* (57 NY2d 470, 476), the Court of Appeals held that: "Confining the occupants to the car, even temporarily, is at least equivalent to a stop. A temporary stop is of course less intrusive than an arrest and thus does not require probable cause [citations omitted]. However a stop is nevertheless a limited seizure of the person which at least requires reasonable suspicion" *(see also, People v Phillips,* 119 AD2d 773, *lv denied* 69 NY2d 831; *People v Thurman,* 81 AD2d 548).

The police, at bar, significantly interrupted the defendant's liberty of movement by preventing him from exiting his vehicle *(see also, People v Cantor,* 36 NY2d 106). Therefore, in order to validate the police action, the People were required to demonstrate that the police possessed sufficient legal cause to justify such an intrusion.

We find that the People failed to sustain their burden of proof. It is well settled that the Fourth Amendment guarantee against unreasonable governmental action "may not be circumvented by the simple expedient of demonstrating nothing more than that the challenged police conduct was prompted by information received by one officer from another officer" *(People v Ward,* 95 AD2d 233, 237; *see also, People v Lypka,* 36 NY2d 210). The prosecution failed to present proof concerning the reliability of the information conveyed by off-duty Officer Leonardi, nor did the People adequately demonstrate that he actually possessed the requisite knowledge to substantiate his assertions *(see, People v Landy,* 59 NY2d 369; *People v Rodriguez,* 52 NY2d 483; *People v Reynolds,* 104 AD2d 611). Although Officer Leonardi informed his fellow officers that one of the men seated in the parked vehicle was wanted in connection with a homicide, he was unable, at the hearing, to identify which of the three men he suspected. He was further unable to provide the court with a description of the homicide suspect or a description of the defendant, or of his companions. Indeed, the only objective fact that the officer was able to provide was that the suspect was dark skinned.

A reviewing court, in passing upon an application to sup-

press evidence "must be supplied with the description upon which the police acted and sufficient evidence to make its own independent determination" *(People v Dodt,* 61 NY2d 408, 415; *People v Bouton,* 50 NY2d 130). Application of this principle leads us to the ineluctable conclusion that the conclusory statement of off-duty Officer Leonardi, to the effect that one of the occupants of the vehicle was involved in a homicide, without his having specified any objective facts to substantiate this assertion, was insufficient to justify the physical restraint and detention of the defendant. Accordingly, the evidence seized by the police should have been suppressed, and the judgment must, therefore, be reversed and the indictment dismissed. Mangano, J. P., Eiber, Sullivan and Harwood, JJ., concur.