■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR GREEN, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Queens County (Groh, J.), rendered July 12, 1983, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rubin, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that he was arrested without probable cause and that the narcotics and other contraband seized from the automobile in which he was a passenger should be suppressed as the products of that unlawful arrest. The hearing court denied suppression and we affirm.

In the early morning hours of October 16, 1982, three experienced narcotics police officers were in an unmarked police car maintaining surveillance of an abandoned building located at 109-08 Sutphin Boulevard in the Jamaica section of Queens County (hereinafter the premises) on the basis of information the narcotics division acquired from "arrested" persons that drugs were being sold at that location and that a change of shift of the persons engaging in these activities would occur at 6:00 A.M. and again at 6:00 P.M. The police had made numerous drug arrests in the vicinity of the subject premises. At 6:00 A.M. on the date in question, the police observed an automobile stop in front of the premises. The defendant and a female companion exited from the vehicle and stood on either side of a metal gate protecting the door to the premises. The automobile then proceeded down the street, circled around and returned to the location of the premises. After the driver turned the headlights off, the metal gate went up, two men exited the premises and the defendant's female companion entered. The gate was then quickly closed. The defendant and the two other men walked rapidly to the automobile stopped in front of the premises. One of the men was carrying a large brown paper bag. The three entered the waiting vehicle.

The police then drove their unmarked vehicle and stopped it in front of the other vehicle. One of the officers observed the occupants in the front and rear passenger seats bending down and moving their hands near the floor of the car, and was concerned that they might be reaching for a gun. The three officers jumped out of their car with their guns drawn and directed the four occupants of the vehicle to raise their hands. All but the occupant in the front passenger seat immediately

complied. The police again ordered him to raise his hands at which point he complied. One of the officers opened the front passenger door and observed a torn brown paper bag on the floor of the car. The officer could see that the paper bag contained a clear plastic bag in which there were tinfoils containing what he believed to be cocaine. The four occupants were then ordered out of the vehicle, frisked and arrested. A further search of the vehicle revealed a loaded .38 caliber revolver under the front passenger seat and another bag containing 32 tinfoils of cocaine on the floor of the car in the back seat where the defendant had been seated.

On appeal, the People concede that the police action in stopping in front of the vehicle in which defendant was a passenger and in approaching the vehicle with guns drawn constituted a seizure within the meaning of our State and Federal Constitutions (see, US Const 4th Amend; NY Const, art I, § 12; *People v Harrison,* 57 NY2d 470, 476; *People v Cantor,* 36 NY2d 106, 111; *People v Phillips,* 119 AD2d 773, 774, *lv denied* 69 NY2d 831). Before the police may be justified in stopping a person, they must have a reasonable suspicion that the person is committing, has committed or is about to commit a crime *(People v Harrison, supra,* at 476; *People v De Bour,* 40 NY2d 210, 216; *see also,* CPL 140.50 [1]). At bar, the record supports a finding of reasonable suspicion necessary to justify the police action. At the hearing, the arresting officers testified that at the time of their surveillance they had information that no rent-paying tenant or legitimate business occupied the premises and the City of New York was in the process of taking over the property for tax arrears. Therefore, the police had a reasonable suspicion that the individuals observed exiting the premises and entering the waiting automobile had committed criminal trespass in the third degree (Penal Law § 140.10). Furthermore, the police officers possessed hearsay information that drugs were being sold from the premises and that a change of "staff" could be expected at 6:00 A.M. The police observation of the unusual activities of the vehicle and its occupants in the vicinity of the premises and in an area known for its narcotics activities at precisely 6:00 A.M. sufficiently corroborated and was consistent with the information so provided to the police (see, *People v Bigelow,* 66 NY2d 417, 422-424; *People v Landy,* 59 NY2d 369, 373-375; *People v Rodriguez,* 52 NY2d 483, 493; *People v Elwell,* 50 NY2d 231, 241). Under such circumstances, the stop was proper.

The officers' conduct in approaching the lawfully seized

vehicle with their guns drawn and in opening the passenger door of the vehicle was a minimal intrusion upon the occupants' privacy interests and an appropriate security measure based upon the movements observed in the vehicle and the officers' concern for their safety *(see, People v David L.,* 56 NY2d 698, *revg on dissenting mem* 81 AD2d 893, *cert denied* 459 US 866; *People v McBean,* 123 AD2d 401, 403, *lv denied* 69 NY2d 714; *People v McLaurin,* 120 AD2d 270, 273; *People v Finlayson,* 76 AD2d 670, 680, *lv denied* 51 NY2d 1011, *cert denied* 450 US 931). Thereafter, the reasonable suspicion was elevated to probable cause to arrest the defendant and the other occupants of the vehicle following the discovery of the bag of narcotics in plain view on the floor of the vehicle *(see, People v Landy, supra,* at 376; *People v Adams,* 123 AD2d 769, 770, *lv denied* 69 NY2d 707). As a consequence, the police were entitled to search the vehicle compartment as well as the defendant's person *(see, People v Ellis,* 62 NY2d 393; *People v Adams, supra).*

The defendant next contends that his conviction of criminal possession of a controlled substance in the third degree cannot be sustained because the evidence was insufficient to establish that he was in constructive possession of the bag of cocaine found on the floor of the front seat of the subject vehicle. In this regard, the defendant charges that the jury should not have been charged pursuant to Penal Law § 220.25 (1) on the statutory presumption of possession of a controlled substance. Penal Law § 220.25 (1) provides, in pertinent part, that: "The presence of a controlled substance in an automobile, other than a public omnibus, is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found". Before the presumption may be applied as part of the prosecution's prima facie case, it must prove that the defendant was in the car and that the illegal drugs were found in the vehicle *(see, People v Leyva,* 38 NY2d 160, 169; *People v Hunt,* 116 AD2d 812, 813). The defendant does not dispute that he was in the car and that the cocaine was found therein. Therefore, the presumption is applicable.

A defendant may, if he chooses, offer contrary evidence to rebut the presumption. However, even if no contrary evidence is offered the logical inference of criminal possession drawn from the defendant's presence at the place of discovery is permissive and may be accepted or rejected by the jury *(see, People v Leyva, supra,* at 168-171; *People v Chandler,* 121 AD2d 644, 646, *lv denied* 68 NY2d 913; *People v Hunt, supra,*

at 814). Contrary to the defendant's contention, the circumstances under which the cocaine was found and the police testimony concerning the defendant's conduct may reasonably have led the jury to draw the inference permitted by statute. We cannot say that the jury's conclusion was against the weight of the evidence.

The defendant's remaining contention has been considered and found to be without merit. Mangano, J. P., Thompson, Kunzeman and Sullivan, JJ., concur.