■ The People of the State of New York, Respondent, v

JOSEPH EDWARDS, Appellant.—Judgment of the Supreme Court, Bronx County (Irene Duffy, J., at hearing; Ivan Warner, J., at trial and sentence), rendered June 7, 1989, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and sentencing him, as a second felony offender, to an indeterminate period of imprisonment of 2½ to 5 years, is unanimously affirmed.

Defendant's vehicle was pulled over for driving with expired inspection and registration stickers. Upon being unable to produce the "paperwork" to the vehicle, the officer asked defendant to exit the car. At that point, Police Officer Heron observed a paper bag containing a glass tube. When he seized the bag to examine the tube more closely, he saw that the bag contained not only the tube, but another clear zip-lock bag containing a white powdery substance the officer believed to be cocaine (although subsequent laboratory analysis revealed it was not). Defendant was arrested for possession of a controlled substance and, during a search incidental to the arrest, a .38 caliber revolver was recovered along with five live rounds of ammunition.

Probable cause must exist before seizing an object in plain view (*Coolidge v New Hampshire*, 403 US 443). That probable cause was present here. Officer Heron had experience making drug arrests and was familiar with drug paraphernalia, including crack pipes. The officer's observation of the glass pipe provided probable cause to believe that the pipe or bag contained crack or crack residue, in violation of the drug laws. In this respect, a "crack pipe" is analogous to glassine envelopes, plastic vials and tin packets, which are also not illegal, but in a drug-prone location are a telltale sign of illicit activity justifying minimal intrusion (*see, People v Greenridge*, 131 AD2d 303, 304-305; *but see, People v Richie*, 77 AD2d 667, 668). Concur—Murphy, P. J., Ross, Rosenberger, Asch and Ellerin, JJ.