■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SALLITO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered May 29, 1991, convicting him of criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

The defendant contends that the hearing court erred in denying the branch of his omnibus motion which was to suppress physical evidence. We disagree, as all of the facts and circumstances of the instant case indicate that the search of the defendant's car and his person were proper. The police received an anonymous phone call that the defendant was dealing drugs at the "Back Door Lounge". The police went there, saw the defendant drive away, and, after checking through police channels, learned that the defendant's driver's license was suspended. Contrary to the defendant's argument, the justification for the defendant's detention was not the anonymous tip, but his driving without a valid license, in violation of the Vehicle and Traffic Law § 511 (1) *(see, People v Johnson,* 178 AD2d 549; *People v Coggins,* 175 AD2d 924).

One of the officers, while standing outside the vehicle, observed a folded paper "bindle", which he said he knew was commonly used in packaging cocaine, lying on the center console near the gear shift. After both the defendant and his passenger denied that the "bindle" was theirs, the officer opened it and observed what appeared to be cocaine. This factor, taken together with the officer's observation of a box of drug paraphernalia on the floor of the passenger seat, provided the officers with probable cause to search the vehicle and arrest the defendant *(see, e.g., People v Belton,* 55 NY2d 49; *People v Mendez,* 147 AD2d 712; *People v Hawkins,* 161 AD2d 802; *People v Thomas,* 168 AD2d 655). The ensuing search of the defendant's person was justified as incident to the arrest *(see, Chimel v California,* 395 US 752; *People v De Santis,* 46 NY2d 82, 87, *cert denied* 443 US 912; *People v Geddes,* 134 AD2d 279, 280).

We agree with the defendant that the court, in its preliminary instructions, inappropriately and extensively discussed the nature and function of the Grand Jury, and stressed its impartiality *(see, People v Moran,* 84 AD2d 753). We disapprove of such instructions, but they do not merit reversal in this case. Given the overwhelming proof of the defendant's guilt, the improper instructions did not deprive him of a fair trial.

We have reviewed the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Lawrence and Ritter, JJ., concur.