OPINION OF THE COURT
Max Sayah, J.
Does an experienced officer’s observation of a tightly wrapped newspaper object on the person of the defendant give rise to a reasonable objective determination by the officer that he has probable cause to search and seize that package which he believes to be heroin? The defendant Henry Germany has moved to suppress evidence seized from his person while he was a passenger in a taxi on September 3, 1992 in violation of his constitutional rights. (Mapp v Ohio, 367 US 643 [1961]; *933 CPL 710.20.) For the reasons hereinafter enumerated, the court denies his motion to suppress the contraband seized.
FINDINGS OF FACT
Officer Miguel Rodriguez, a six-year veteran of the police department, who had participated in approximately 200 arrests including 100 narcotics arrests, testified that he was on duty as an anticrime officer in plain clothes in an unmarked vehicle on September 3, 1992. At approximately 2:30 p.m., he observed a cab travel through a red light. The cab was pulled over and stopped. As the officer approached the driver, he observed the defendant, one of three passengers, place three "very tight”, "square shape”, "bundles of newspapers” into his pocket. Each "bundle” was approximately lVi inches square and one-half-inch to one-inch thick and was tightly wrapped with a scotch taped newspaper covering.
Based on his training at the police academy and based on his experience as a street narcotics officer, Officer Rodriguez recognized the tightly wrapped newspaper objects as "bundles or bricks” of heroin. Each "bundle or brick”, he testified, consists of approximately 50 decks of heroin each in a glossine bag. The officer further indicated that he had personally observed this method of packaging in 8 to 10 of his 50 heroin-related arrests. Officer Rodriguez seized the three "bundles” and arrested the defendant. A traffic citation was not issued to the cab driver.
CONCLUSIONS OF LAW
The defendant urges that the police officer’s testimony as to the taxi stop was patently tailored to nullify any constitutional objections as to reasonableness. In effect, the defendant urges that this was a pretext stop. Why, he contends, would an undercover officer stop a taxi for a traffic violation and thereby make it known that he is in fact a police officer. The defendant further argues that the fact that no traffic citation was given to the taxi driver supports this position.
The court finds that these arguments are mere conjecture. The articulable justification for the stop of the taxi was the violation of the Vehicle and Traffic Law. (People v Johnson, 178 AD2d 549 [1991]; People v Coggins, 175 AD2d 924 [1991].) In fact, Officer Rodriguez had not seen the defendant in the car when the Vehicle and Traffic Law violation occurred. The court may infer that the discretionary decision by the officer *934 not to issue a traffic summons to the cab driver resulted from the more important attendant narcotics arrest.
The defendant’s second contention, and indeed one of considerable merit, is the claim that even though the observation by the police officer occurred in a "plain view doctrine” situation, there was no probable cause to seize opaque newspaper-wrapped bundles.
Based on the current fluid nature of the law of search and seizure, this court finds that the facts in this case warrant a finding that probable cause existed. Hence, for the following reasons, the court rejects this argument as well.
"[P]robable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would 'warrant a man of reasonable caution in the belief,’ Carroll v. United States, 267 U. S. 132, 162 (1925), that certain items may be contraband * * * A 'practical, nontechnical’ probability that incriminating evidence is involved is all that is required”. (Texas v Brown, 460 US 730, 742 [1983]; People v McRay, 51 NY2d 594, 602 [1980].)
The decisions of the courts continue to evolve fluidly in their findings of the quantum of evidence required to find probable cause. (Illinois v Gates, 462 US 213 [1983]; People v McRay, 51 NY2d 594 [1980], supra.)
In cases involving the possession of narcotics, the changes brought about by the increasing proliferation of narcotics and the newer types of packaging have caused appellate courts to constantly rethink the requirements of probable cause.
In 1975, the exchange of a glossine envelope in a narcotics prone area did not constitute probable cause. (People v Oden, 36 NY2d 382 [1975].) Yet by 1980, the Court of Appeals found that the exchange of a glossine envelope was the "hallmark of an illicit drug exchange.” (People v McRay, 51 NY2d 594, 604 [1980], supra.) By 1992, the mere possession of green glossines protruding through a hole in a brown paper bag, coupled with the officer’s observation of a person holding $10 in front of the defendant and the officer’s experience in making similar arrests at the location involving cocaine in green glossine envelopes, was sufficient to find probable cause. (People v Rivera, 183 AD2d 509 [1st Dept 1992].)
The packaging of narcotics in foil or tinfoil packets took a similar route through the courts in the fluid concept of society’s needs. A foil packet became a telltale sign. (People v Balas, 104 AD2d 1039 [2d Dept 1984]; People v Green, 133 *935 AD2d 170 [2d Dept 1987].) A plastic vial joined the glossine and foil as a telltale sign of narcotics. (People v Goggans, 155 AD2d 689 [2d Dept 1989].) In 1990, the crack pipe was added to the group. (People v Edwards, 160 AD2d 501 [1st Dept 1990].) In all of these transparent packages cases, the courts generally found that an additional factor established the probable cause. Paramount to these factors was the great weight given to the nature and extent of the officer’s knowledge, training and experience in the determination that such an officer could with reasonable caution believe that a person was committing a crime.
The stage in our society’s burgeoning narcotics problem has reached the time in which courts (albeit divided in opinion) are finding probable cause in situations involving the observation of opaque packages.
In 1985, the Court of Appeals refused to find that a white envelope would serve as the initial predicate for a finding of probable cause. (People v McNatt, 65 NY2d 1046 [1985].) However, in 1992, two Appellate Division holdings supported the proposition that probable cause is found where the officer observes an opaque package. The First Department has upheld the sufficiency of probable cause where "a police officer, using binoculars, observed defendant pass a small, folded white envelope believed to be the packaging for heroin in exchange for money.” (People v Sanchez, 181 AD2d 499, 500 [1st Dept 1992], lv denied 79 NY2d 1054 [1992].) The Second Department has upheld probable cause where the officer "observed a folded paper 'bindle’, which he said he knew was commonly used in packaging cocaine” (People v Sallito, 186 AD2d 766, 767 [2d Dept 1992], lv denied 80 NY2d 1030 [1992]). Although the Sallito decision does not describe "bindle”, this court infers that the package was opaque. A bindle is "a small package, envelope, or paper containing a narcotic (as morphine, heroin, or cocaine).” (Webster’s Third New International Dictionary 217 [1986].)
Finally we note that, in a decision squarely on point, the First Department has upheld the seizure of "two tightly wrapped square, shiny brown, packages” where the officer, on at least 10 prior occasions, "had seen narcotics in 'rock’ or 'brick’ form identically wrapped.” (People v Aqudelo, 150 AD2d 284, 285 [1st Dept 1989], citing Robbins v California, 453 US 420, 427 [1981].)
We further note that in each of these recent decisions the *936 appellate courts have found some additional relevant factor. (People v Sanchez, supra [an exchange for money]; People v Sallito, supra [a box of drug paraphernalia in the same vehicle]; People v Aqudelo, supra [the officer’s expertise].)
In the instant case, the court credits the credible, trained expertise of Officer Rodriguez who had made 100 narcotics arrests including 50 for heroin. In 8 to 10 of these arrests he had observed "bundles or bricks” containing 50 decks of heroin similarly packaged in tightly wrapped newspaper coverings. Accordingly, we find this factor as the overriding relevant corroboration to serve as the basis to provide the requisite amount of information Officer Rodriguez could reasonably find probable cause to arrest and seize the drugs from the defendant Henry Germany.
Accordingly, the court denies the motion of the defendant to suppress the contraband narcotics.