THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY CLARK, Appellant. [643 NYS2d 836] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention of defendant that County Court erred in denying

his motion to suppress physical evidence seized after his arrest because there was no reasonable suspicion to justify the stop of his vehicle. While on patrol, the arresting officer received a radio call that defendant was driving a motor vehicle in an identified location. The officer knew defendant and knew that his driver's license had been revoked. Furthermore, before stopping defendant's vehicle, the officer confirmed by a computer check that defendant's driver's license had been revoked. Therefore, the officer had reasonable suspicion that defendant was committing aggravated unlicensed operation of a motor vehicle (*see,* Vehicle and Traffic Law § 511), justifying his stop of the vehicle (*see, People v Sallito,* 186 AD2d 766, 767, *lv denied* 80 NY2d 1030; *People v Ceballos,* 175 AD2d 315, *lv denied* 78 NY2d 1074). The failure of defendant to produce a driver's license provided the officer with probable cause to arrest him for that offense (*see, People v Watson,* 177 AD2d 676, *lv denied* 79 NY2d 954; *People v Miller,* 149 AD2d 538, 541). (Appeal from Judgment of Ontario County Court, Reed, J.— Assault, 2nd Degree.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.