■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EU- RIPIDES BATISTA, Respondent. [690 NYS2d 536] —Order, Supreme Court, Bronx County (Martin Marcus, J.), entered March 27,

1998, which, upon reargument, adhered to its initial determination of December 15, 1997 granting defendant's motion to suppress physical evidence, unanimously reversed, on the law, the motion denied and the matter remanded for further proceedings.

On March 22, 1996, at approximately 7:15 P.M., the police obtained a search warrant for 2130 East Tremont Avenue, Apartment 7E, in Bronx County. The warrant authorized seizure of "cocaine and crack-cocaine and evidence tending to demonstrate that the premises are utilized for the unlawful possession, packaging and sale of crack-cocaine and cocaine, to wit: scales, plastic bags and other paraphernalia". The warrant was issued in conjunction with a long-term narcotics investigation, during which undercover officers had purchased large amounts of cocaine from occupants of the subject apartment on several prior occasions.

At approximately 9:50 that same evening, Detective Anthony Ronda and several other officers executed the search warrant. Upon entering the apartment Ronda saw four individuals, two of whom he recognized as subjects of the investigation. The police searched the apartment and recovered a large amount of currency, narcotics, a gun and several forms of drug paraphernalia from inside the apartment. Police officers stationed outside the building recovered drugs wrapped in a paper towel, which had been thrown out of a window by one of the occupants of the apartment.

About 20 to 30 minutes after the initial police entry, the apartment "buzzer" rang while the police were completing their search. The officers stationed outside the building informed Ronda by radio that a Hispanic male was ringing the downstairs buzzer. Ronda instructed them to allow the man to enter the building, and further instructed the officers in the hallway to stay out of sight.

After hearing a knock on the door, the police opened the door and defendant entered the apartment. There were approximately 6 officers in the apartment with guns drawn, including Ronda, who shouted, "Police, don't move. [P]ut your hands up." Defendant raised his hands in the air, and a brown paper package fell out from underneath defendant's jacket to the floor. The package appeared to be a brown lunch bag wrapped with tape. Ronda, an eight-year veteran who had worked on hundreds of narcotics-related cases, immediately concluded that the bag contained narcotics. Ronda specifically testified at the suppression hearing that in his experience as a narcotics officer, he had seen such bags and wrapping, and, based on

that experience, he believed that the package contained narcotics. Upon opening the bag, Ronda found a baggie containing half a kilo of cocaine and defendant was arrested.

Defendant moved pre-trial to suppress the physical evidence recovered by the police and Supreme Court granted the motion. In a detailed written opinion, the court determined that the actions of the police prior to the point at which Ronda opened the package were justified under the circumstances. However, the court concluded that the warrantless search of the package was in violation of defendant's Fourth Amendment rights since none of the exceptions to the warrant requirement, including the plain view exception, were applicable. On reargument, the court adhered to its ruling, finding that the hearing evidence failed to establish that the packaging was so distinctive that the bag's contents were readily identifiable. The People appealed.

"Under the plain view doctrine, if the sight of an object gives the police probable cause to believe that it is the instrumentality of a crime, the object may be seized without a warrant if three conditions are met: (1) the police are lawfully in a position from which the object is viewed; (2) the police have lawful access to the object; and (3) the object's incriminating nature is immediately apparent [citations omitted]." (*People v Diaz*, 81 NY2d 106, 110; *see also, Minnesota v Dickerson*, 508 US 366, 374-375; *Horton v California*, 496 US 128, 136-137; *Arizona v Hicks*, 480 US 321.) The first requirement is not at issue here, since defendant has never argued that the police presence in the apartment was unlawful. With regard to the question of lawful access to the object, defendant's argument that his detention was illegal may not be considered on this appeal. Supreme Court found defendant's detention justified, and since this finding was not adverse to the People, the appellant on this appeal, it is not properly before this Court (CPL 470.15 [1]).[1]

Thus, the sole issue to be determined is whether the incriminating nature of this package was "immediately apparent" so as to permit its warrantless seizure under the plain view doctrine. This aspect of the plain view doctrine was discussed in a

---

1. Were we to review defendant's argument, we would conclude that the forcible detention was justified by the legitimate safety concerns of the police officers executing the warrant. *People v Fripp* (85 AD2d 547, *affd* 58 NY2d 907), cited by defendant, is distinguishable since there the police physically threw the defendant against the wall in the hallway, before it was known whether he intended to enter an apartment on that floor where a search warrant was being executed.

series of United States Supreme Court cases. In *Arkansas v Sanders* (442 US 753, *overruled in part by California v Acevedo*, 500 US 565), the Court held that the warrantless search of personal luggage taken from a lawfully stopped automobile violated the Fourth Amendment. However, in contrasting the expectation of privacy associated with personal luggage with that of other personal articles, the Court stated: "Not all containers and packages found by the police during the course of a search will deserve the full protection of the Fourth Amendment. Thus, some containers (for example a kit of burglar tools or a gun case) by their very nature cannot support any reasonable expectation of privacy because their contents can be inferred from their outward appearance." (*Supra,* at 764, n 13.)

Later, in *Robbins v California* (453 US 420, *overruled in part by United States v Ross*, 456 US 798), despite again ruling that the search of a closed container found in an automobile trunk was unlawful, the Supreme Court stated that a warrant would not be required for seizure of containers which "proclaim[ ] [their] contents" (*supra,* at 427), by virtue of their "distinctive configuration, [their] transparency, or otherwise" (*supra,* at 428).

Finally, in *Texas v Brown* (460 US 730), the Court's plurality opinion discussed the concept of "immediately apparent" as requiring " 'probable cause to associate the property with criminal activity' " (*supra,* at 741-742, quoting *Payton v New York*, 445 US 573, 587; *Arizona v Hicks, supra,* at 326-328). The Court explained that rather than requiring near certainty as to the incriminating nature of the object, "probable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would 'warrant a man of reasonable caution in the belief,' (*Carroll v United States*, 267 US 132, 162), that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such belief be correct or more likely true than false" (*Texas v Brown, supra,* at 742; *see also, United States v Rogers*, 129 F3d 76, 79-80 [2d Cir 1997]). In *Texas v Brown* (*supra*), the Court held that the police had probable cause to believe that a green, opaque party balloon, tied one inch from the end, contained illicit narcotics, justifying its warrantless seizure. Such probable cause was based on the officer's observation of additional drugs and paraphernalia in the car, his testimony that based on his experience in previous narcotics arrests balloons tied in such manner are frequently used to carry narcotics, and a police chemist's testimony to the same effect.

This Court has previously upheld warrantless seizures of opaque packages under the plain view doctrine where the police had probable cause to believe the packages contained narcotics. In *People v Aqudelo* (150 AD2d 284), a case bearing strong similarity to the instant one, the police were executing a search warrant in an apartment when the defendant and another rang the doorbell and were permitted entry by the police. After entering the apartment, defendant dropped her shoulder bag to the floor causing a loud thump. Since drugs and guns had been recovered from the apartment, an officer picked up the bag and felt something hard. He opened the bag, observing two tightly wrapped, square, shiny brown packages. Having seen narcotics wrapped in similar "brick" form on 10 prior occasions, and having recovered one from that apartment during the search, they were seized by the police and found to contain cocaine.

The Supreme Court in *Aqudelo* granted suppression for failure to obtain a separate search warrant. This Court reversed, stating: "Applying this legal authority to the factual setting before us, which indicates defendant brought two distinctively wrapped packages to a place where narcotics were stored, and the arresting officer, in view of his experience, recognized that packaging as the type used to wrap narcotics, we find that the police did not need a search warrant to open them, since 'the distinctive configuration of [the] container[s] proclaimed [their] contents' (*Robbins v California* [453 US 420,] 427)." (*People v Aqudelo, supra*, at 286.)

Similarly, in *People v Villalvir* (160 AD2d 627, *lv denied* 76 NY2d 867), this Court upheld the warrantless search of a gift-wrapped package which was secured by a covering of clear yellow plastic tape, based on the automobile exception and under the plain view doctrine. Since the officer testified that based on his 150 prior narcotics seizures, this type of packaging was commonly used to wrap cocaine, we held no warrant was required because "the distinctive configuration of its packaging [did] not support a reasonable expectation of privacy because the contents can be inferred therefrom [citations omitted]" (*supra*, at 629; *see also, People v Germany*, 157 Misc 2d 932, 935-936 [Sup Ct, Bronx County 1993]).

This precedent compels the conclusion that the warrantless seizure of the package dropped by defendant was proper. As in *Aqudelo*, the seizure in this case took place in a veritable narcotics warehouse, where the judicially approved search had resulted in the recovery of money, drugs and a gun, and where undercover officers had already made large-scale narcotics

purchases from the targets of the investigation. Thus, when defendant of his own volition sought entry into an apartment being utilized in the narcotics trade, and dropped a suspicious package after the police detained him there, it was hardly a hunch for the police to associate the package with the illicit drug activity in the apartment.

The suspicions of the police ripened into probable cause by the outward appearance of the package (*People v Aqudelo, supra; cf., Arizona v Hicks, supra* [warrantless seizure of stereo equipment improper where police did not have probable cause to believe it was contraband until further search revealed serial number]; *People v Grovner*, 172 AD2d 1035 [small manila envelope not immediately incriminating]).[2] Ronda testified that in his experience as a narcotics officer, involving hundreds of narcotics cases, he had seen narcotics packaged in such bags with the same tape wrapping. Based on his experience, it was "immediately apparent" to Ronda that the package contained narcotics (*United States v Gotti*, 42 F Supp 2d 252, 276 [SD NY] [probative value of documents was immediately clear to observing officer who had extensive training and experience in investigation of organized crime]). That Ronda did not specify exactly how many times he had previously seen such packaging does not alter this conclusion, since the record stands uncontradicted that he immediately recognized it as drug packaging from his own personal experience (*compare, Robbins v California, supra,* at 428 [vague, "hearsay" testimony that drugs are normally wrapped in "blocks" did not establish that marijuana is ordinarily packaged this way]). Thus, since "the distinctive character of the [package] itself spoke volumes as to its contents—particularly to the trained eye of the officer" (*Texas v Brown, supra,* at 743), Ronda had probable cause to associate the property with criminal activity and its warrantless seizure was proper. Concur—Rosenberger, J. P., Lerner, Rubin and Mazzarelli, JJ.

---

2. At the suppression hearing, defendant did not contest that Ronda had probable cause to believe the package contained narcotics, and the hearing court expressly found that such probable cause existed. This finding is also beyond our review (CPL 470.15 [1]).