People v Clark (2021 NY Slip Op 00966)





People v Clark


2021 NY Slip Op 00966


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


996 KA 16-00354

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DELBERT M. CLARK, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered March 9, 2015. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Evidence at a suppression hearing established that a police officer stopped a vehicle driven by defendant because, inter alia, it had no front license plate and had darkly tinted windows. When asked for his driver's license and registration, defendant produced the registration but not his license. The officer then requested that defendant exit the vehicle. Moments later, while the officer was speaking with defendant, defendant fled the scene. The officer pursued defendant, who discarded a firearm as he fled, and the officer ended his pursuit in order to secure the weapon. Approximately 15 to 18 minutes later, the officer went to another address, where a showup identification procedure was performed with a possible suspect who had been apprehended by other officers. The officer identified the suspect as defendant.
As an initial matter, we agree with defendant that he did not validly waive his right to appeal because Supreme Court's oral colloquy and the written waiver of the right to appeal provided defendant with erroneous information about the scope of the waiver and failed to identify that certain rights would survive the waiver (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Crogan, 181 AD3d 1212, 1212-1213 [4th Dept 2020], lv denied 35 NY3d 1026 [2020]).
We reject defendant's contention, however, that the court erred in refusing to suppress the identification of defendant made by the police officer who performed the traffic stop. Although the People contend that the police officer made a " 'confirmatory identification' " that "as a matter of law . . . could not be the product of undue suggestiveness" (People v Boyer, 6 NY3d 427, 431 [2006]), we are precluded from affirming on that basis because the court did not rule on that issue (see CPL 470.15 [1]; People v Davis, 159 AD3d 1531, 1533-1534 [4th Dept 2018]). Nevertheless, applying the rule applicable to showup identification procedures generally, we reject defendant's contention that the identification was unduly suggestive (see generally People v Johnson, 164 AD3d 1593, 1594 [4th Dept 2018], lv denied 32 NY3d 1173 [2019]; People v Bassett, 112 AD3d 1321, 1322 [4th Dept 2013], lv denied 23 NY3d 960 [2014]).
Defendant's additional contention that he was denied effective assistance of counsel survives his guilty plea only insofar as he demonstrates that "the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance" (People v Rausch, 126 AD3d 1535, 1535 [4th [*2]Dept 2015], lv denied 26 NY3d 1149 [2016] [internal quotation marks omitted]). To the extent that defendant contends that his plea was infected by the allegedly ineffective assistance of counsel, we reject defendant's contention that defense counsel's failure to move to suppress the firearm constituted ineffective assistance. "There can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to 'make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005], quoting People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]; see People v Patterson, 115 AD3d 1174, 1175-1176 [4th Dept 2014], lv denied 23 NY3d 1066 [2014]; People v Marcial, 41 AD3d 1308, 1308 [4th Dept 2007], lv denied 9 NY3d 878 [2007]). On appeal, defendant does not contest the legality of the initial traffic stop, and instead contends that defense counsel was ineffective for failing to seek suppression of the firearm on the ground that the officer was not entitled to direct him to stand at the rear of the stopped vehicle, that the officer was not entitled to pursue him when he fled, and that the firearm was recovered as a result of that purportedly impermissible police conduct. Seeking suppression on that ground had little or no chance of success, however, because the officer was entitled, as part of the traffic stop, to request defendant's license and registration (see People v McCarley, 55 AD3d 1396, 1396 [4th Dept 2008], lv denied 11 NY3d 899 [2008]). Defendant's "failure, upon demand by the officer, to produce a driver's license was presumptive evidence that he was not duly licensed," and "[d]riving without a license is a traffic offense which justifies a police officer's immediate arrest of the unlicensed operator" (People v Watson, 177 AD2d 676, 676 [2d Dept 1991], lv denied 79 NY2d 954 [1992]; see People v Howard, 19 AD3d 1073, 1074 [4th Dept 2005], lv denied 5 NY3d 853 [2005]; People v Clark, 227 AD2d 983, 984 [4th Dept 1996]; see also Vehicle and Traffic Law § 507 [2]). Additionally, defendant's flight from the traffic stop, "leaving his automobile behind prior to being issued a traffic summons, [further] justified the officers' pursuit" (People v Frank, 161 AD2d 794, 795 [2d Dept 1990], lv denied 76 NY2d 939 [1990]), and " 'the recovery of the gun discarded during [defendant's] flight was lawful inasmuch as the officer's pursuit . . . of defendant [was] lawful' " (People v Thacker, 156 AD3d 1482, 1483 [4th Dept 2017], lv denied 31 NY3d 1018 [2018]).
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court