John S. Loceman, J.
The defendant is charged with possessing a quantity of barbiturates in violation of section 220.05 of the *289 Penal Law. At Ms youtMul offender hearing it was established that on August 11, 1970, at about 9:40 p.m. outside the Colonial Lounge, East Meadow, Nassau County, New York, a person who had been seen talking to the defendant made a sale of four or six red capsules. The defendant was not present during the alleged sale. Approximately 10 minutes later while operating his mother’s vehicle, the defendant was stopped and the police officer asked for his license and registration and observed two red capsules on the floor and a piece of tinfoil. Based on Ms training in the observation of drugs and his experience as a police officer he recognized the pills as seconal. He took possession of the pills and upon picMng up the piece of tinfoil observed two more seconal pills loosely wrapped. The defendant was arrested. The Scientific Investigation Bureau established that the pills were seconal, a barbiturate prohibited under section 220.05 of the Penal Law.
The defendant’s mother testified that she had been given a prescription which she produced, but which was not admitted into evidence, and with the prescription she received 10 small red capsules, two of which she produced. They were identical in appearance to those capsules which formed the basis of the charge against the defendant. The prosecution conceded that the pills produced by the defendant’s mother were seconal. The mother explained that she had received 10 pills, had used 4 and kept the remainder in her bag in a container which she produced. The cap to the container was loose. She put tinfoil in the top of the container to tighten it. She carried the pills in her purse which she also produced. It was a large, loose, cloth-type bag. She would carry the bag with her whenever she used the car and on a couple of occasions the contents of the bag had spilled out. After her son’s arrest she looked in her bag, found the container empty and 4 pills and the tinfoil were missing.
THE LAW
These facts require an examination of the quantum of proof necessary to rebut the presumption that the presence of a dangerous drug in an automobile is evidence of ¿lowing possession by everyone there established by section 220.25 of the Penal Law. The presumption is overcome when the adversary produces “ substantial evidence to the contrary.” (People v. Langan, 303 N. Y. 474; Richardson, Evidence [9th ed.], § 57; People v. Russo, 278 App. Div. 98 ; People v. Mitchell, 51 Misc 2d 82.) This definition merely states the problem. In the words of Professor Richardson, op. cit.: ‘ ‘ Strangely enough, the cases in this state do *290 not supply a definition of the term ‘ substantial evidence ’ when that term is used in the field of presumptions.” It therefore becomes necessary to look at the factual patterns of the appellate decisions dealing with the presumption. The factual pattern most closely resembling this case reported is People v. Hargrove (33 A D 2d 539). The First Department held that the presumption was rebutted by the testimony of the defendant, who testified that he had been offered a ride by the operator who then offered him a marijuana cigarette which he declined. The officer had there testified that the defendant had attempted to thrust an envelope into a seat similar to an envelope the driver dropped and which had an odor of marijuana.
Accordingly, the mother’s testimony has rebutted the presumption, and without the presumption the People have failed to prove the defendant’s guilt beyond a reasonable doubt, because of the fundamental rule that where circumstantial evidence is involved any inference consistent with innocence must be the inference drawn. The defendant is found not guilty.