■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HUDSON, Appellant.—Levine, J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered November 3, 1983, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the second degree.

The dispositive issue on this appeal is the validity of County Court's denial of defendant's motion to suppress. The evidence at the suppression hearing established that State Troopers Jeff Gildersleeve and Cheryl Monaco were patrolling the Thruway south of Albany at about 2:15 A.M. when they observed a vehicle ahead of them traveling at a speed of about 70 miles per hour. The flashing lights of the troop car were activated but both cars traversed about another one-half mile before the car pulled over to the shoulder and stopped. It was a Chevrolet Blazer bearing Virginia license plates. The troopers testified that the two occupants, seated in the front passenger compartment, appeared nervous. The driver, codefendant Edward Hunt, was advised that he had been stopped for speeding and, upon request, produced his operator's license along with a registration and insurance certificate for the vehicle. It was noted that Hunt's eyes were running and bloodshot and that he was sniffing quite frequently. While Gildersleeve returned to the troop car to obtain a radio check

on Hunt and the vehicle and to write a speeding ticket, Monaco approached the passenger side of the car where defendant was sitting, because she "felt uneasy about the stop". She described seeing defendant fidgiting in his seat and making downward motions with his hand. Defendant did not reply to Monaco's inquiry about his nervousness and replied negatively when she asked him what was under his seat. At that point, Monaco ordered defendant out of the car and then proceeded to examine the area under defendant's seat. The search uncovered a plastic vial under the floormat which contained a white substance which Monaco tentatively identified as cocaine. Hunt and defendant were then arrested for possession of a controlled substance and placed in the back seat of the troop car. A further search of the Chevrolet turned up additional drugs. The troopers also found other drugs and incriminating evidence on Hunt's person and the seat of the troop car where he and defendant had been placed after the initial arrest.

Preliminarily, we note that, upon the record of the suppression hearing, a substantial question exists as to whether defendant had established standing, or more properly phrased, a basis to claim that his own personal 4th Amendment rights were involved (*see, Rakas v Illinois,* 439 US 128, 139-140) in the search and seizure of evidence from the car in which defendant was only a passenger (*see, People v Paone,* 103 AD2d 1012, 1013, and cases cited therein). Were it necessary to reach this issue, the appropriate disposition would be to remit to the suppression court (*see, United States v Salvucci,* 448 US 83, 95). Neither the People nor defendant addressed the standing question in the proceedings on the original motion to suppress. Therefore, remittal would give each side the opportunity fully to develop their positions on the standing issue (*supra; United States v Briones-Garza,* 651 F2d 364, 365, n 1, *cert denied* 459 US 916). We also note that, on the record here, the People's failure initially to raise the issue of defendant's standing did not constitute an irrevocable waiver of that challenge (*United States v Hansen,* 652 F2d 1374, 1382; *United States v Briones-Garza, supra*).

It is unnecessary for us to resort to remittal, however, since we find that County Court's denial of the motion to suppress on the merits was correct. The case of *Pennsylvania v Mimms* (434 US 106, 109-112) establishes the right of a police officer who has lawfully stopped a vehicle for a traffic violation to detain the occupants for purposes of checking identity, ownership, etc., and writing a traffic ticket, and to order the occu-

pants out of the vehicle while undertaking those procedures. Moreover, once the vial containing the suspected cocaine was discovered, there was both probable cause to arrest defendant and Hunt and authority to make the extensive search of the vehicle subsequent to the arrest (*United States v Ross,* 456 US 798). Therefore, our determination must focus on the lawfulness of Monaco's initial, limited entry into the front section of the car and her search under the passenger seat resulting in discovery of the vial of cocaine. We conclude that it was lawful. In *Michigan v Long* (463 US 1032), the United States Supreme Court extended the validity of a limited, protective police search of a person on less than probable cause, under *Terry v Ohio* (392 US 1) to a comparable interior search of a lawfully stopped vehicle. In each instance, the legal validity of the search is dependent upon whether a reasonably prudent police officer would believe, based upon specific, articulable facts and rational inferences therefrom, that the suspect is dangerous and may gain immediate control of weapons (*Michigan v Long, supra,* p 1049; *Terry v Ohio, supra,* p 21). Several of the circumstances with which Monaco and Gildersleeve were presented here are quite similar to those which were relied upon to justify the seizure of evidence in *Michigan v Long (supra).* In both cases, the automobile had been driven at an excessive speed and the stop occurred in an isolated area late at night. In each case, the initial search of the inside of the car was restricted to an area within the suspect's immediate control. In *Long,* the driver appeared to be under the influence of an unspecified intoxicant; here, more significantly, the driver exhibited the characteristics of recent drug use. Although, in *Long,* the officer's apprehension of danger was supported by his visual observation of a knife on the floor inside (a factor not presented in the instant case), there were other circumstances presented here from which Monaco could reasonably have entertained such a fear. Specifically, she had observed defendant fidgiting in his seat and making downward motions, as if placing or touching some object on the floor of the car, an area where his hands could not be seen from outside. Upon Monaco's inquiry concerning this activity, defendant failed to give any plausible, innocent explanation of his behavior.

The aggregate of all the foregoing circumstances, as they unfolded at the scene, were sufficient in our view to justify an *experienced* police officer in reasonably believing that defendant had a weapon within his reach as he sat in the car and might use it. Indeed, furtive or menacing gestures by the

subject of a lawful investigative stop have been held sufficient to justify a limited, protective police search in *Terry* stop and frisk situations (*People v Benjamin,* 51 NY2d 267, 271; *People v Samuels,* 68 AD2d 663, 668, *affd* 50 NY2d 1035), and there is no reason not to apply the same reasoning to an automobile stop in the situation faced by the troopers here (*see, State v Rice,* 69 Ohio St 2d 422, 433 NE2d 175). Contrary to defendant's contention, the absence of testimony by Monaco expressly stating that she believed she was in danger is not significant. In addition to Monaco's description of being "uneasy about the stop", there was also evidence that the officers had just made a *protective* sweep of the interior of the car with the beam of a flashlight. Thus, there is support in the record for County Court's inference that Monaco had engaged in a bona fide attempt to shield herself from the possible use of a concealed weapon in ordering defendant out of the car and searching the area of its floor within his immediate control.

We have examined defendant's alternative assignments of error and find them equally without merit. Likewise, although defendant received the maximum sentence allowed (8 1/3 years to life imprisonment), we find no basis for disturbing the sentence. Accordingly, defendant's conviction and sentence should in all respects be upheld.

Judgment affirmed. Kane, J. P., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.