■ The People of the State of New York, Respondent, v Edward Hunt, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered October 27, 1983, upon a verdict convicting defendant of the *crime of criminal possession of a controlled substance in the second degree.*

In the early morning hours of June 24, 1983, State Police observed an automobile bearing Virginia license plates traveling at an excessive rate of speed on the Thruway. The vehicle was stopped by police and, after a spotlight was directed into its interior, the two troopers approached the car and its two occupants. Defendant was in the driver's seat. The trooper who approached defendant's side of the car testified that he noted defendant's eyes were watery and bloodshot and he was sniffing quite frequently. Both troopers noted that both of the men appeared unusually nervous. The trooper located on the passenger side of the vehicle observed the passenger, John Hudson, making downward motions with his hand. When Hudson failed to answer the trooper's inquiry regarding what was under the seat, Hudson was ordered out of the car and the trooper searched that area. There, the trooper discovered a plastic vial which contained a white substance believed to be

cocaine. The two men were arrested for possession of a controlled substance. A more extensive search of the vehicle uncovered a larger quantity of cocaine and some marihuana.

Defendant contends that his 4th Amendment right to be free from an unreasonable search and seizure was violated when the State trooper searched the interior of the vehicle which had been stopped for a traffic violation. In *People v Hudson* (112 AD2d 650, *lv denied* 66 NY2d 615), this court recently resolved the same issue against defendant's codefendant. Consequently, an in-depth reexamination of the facts and the law is unnecessary. In *Hudson,* we found that, as in *Michigan v Long* (463 US 1032), the circumstances of the vehicle being stopped when coupled with the conduct of the occupants of the vehicle, were sufficient "to justify an experienced police officer in reasonably believing that defendant had a weapon within his reach as he sat in the car and might use it" *(People v Hudson, supra,* p 652). Thus, there was no violation of defendant's 4th Amendment rights based on the initial, limited search conducted by the trooper *(Michigan v Long, supra,* pp 1049-1050; *see, Pennsylvania v Mimms,* 434 US 106). Since the limited search of the interior of an automobile under such circumstances is legitimate, should the searching officer "discover contraband other than weapons, he clearly cannot be required to ignore the contraband, and the Fourth Amendment does not require its suppression in such circumstances" *(Michigan v Long, supra,* p 1050).

Defendant next contends that the jury should not have been charged on the statutory presumption of possession of a controlled substance (Penal Law § 220.25 [1]) or, in the alternative, that he successfully rebutted the presumption with substantial evidence *(see, People v Anonymous,* 65 Misc 2d 288). We disagree.

The statute provides, in pertinent part, that: "The presence of a controlled substance in an automobile, other than a public omnibus, is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found" (Penal Law § 220.25 [1]). In order to have been entitled to the statutory presumption as a facet of its prima facie case, the prosecution must have proved that defendant was in the car and that the illegal drugs were found in the vehicle *(People v Leyva,* 38 NY2d 160, 169). Defendant's argument, namely, that the presumption should not apply because he borrowed the car from an individual who was already a bailee of the vehicle, misconceives the purpose of the statute. It was established

that defendant was in the vehicle simultaneously with the presence of the illegal drug *(see, People v Anthony,* 21 AD2d 666, *cert denied* 379 US 983; *see also, People v Hunter,* 82 AD2d 893, 894, *affd* 55 NY2d 930 [construing the provisions of Penal Law § 265.15]). The inference was permissive and the jury could have either accepted or rejected it. It was also within their province to accept or reject any explanation offered by defendant to rebut the presumption *(People v Leyva, supra,* pp 168-171). The circumstances under which the cocaine was discovered, as well as the troopers' testimony regarding defendant's conduct and physical appearance, could have led a jury to reasonably accept the inference permitted under Penal Law § 220.25 (1).

Defendant's final contention on this appeal is that he was denied a fair trial because of allegedly prejudicial remarks made by the prosecution during summation. The specific remarks defendant now takes exception to were not objected to at trial, and thus the matter has not been preserved for our review (CPL 470.05 [2]; *People v Williams,* 46 NY2d 1070). In any event, since the prosecutorial remarks complained of served only to highlight the inconsistencies in defendant's version of the events, and to illustrate how the evidence presented supported the People's version, the prosecutor's remarks on summation were not prejudicial error *(see, People v Spruill,* 110 AD2d 981; *People v Westfall,* 95 AD2d 581, 585-586).

Judgment affirmed. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.