■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD D. GOGGINS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered September 4, 1984, convicting him of criminal possession of a controlled substance in the fourth degree, criminal possession of stolen property in the first degree and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People did not establish his guilt of criminal possession of a controlled substance in the fourth degree. Viewing the evidence in the light most favorable to the prosecution, we find that the evidence is legally sufficient to support the verdict *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932).

The defendant was identified by two police officers as the sole occupant of the automobile in which the illegal drugs were found. Thus, the People established the necessary predicate facts underlying the permissive inference that the occupants of the motor vehicle knowingly possessed any controlled substances found therein *(see,* Penal Law § 220.25 [1]; *see,*

*People v Leyva,* 38 NY2d 160, 169; *People v Hunt,* 116 AD2d 812, 813). A rational juror could have found that the presumptive evidence of knowing possession by the defendant was not rebutted. The People thereby proved each element of the crime of criminal possession of a controlled substance in the fourth degree beyond a reasonable doubt *(see, Jackson v Virginia,* 443 US 307, *reh denied* 444 US 890; *People v Lewis,* 64 NY2d 1111), and, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the defendant's remaining contentions and conclude that they are without merit. Rubin, J. P., Kooper, Sullivan and Harwood, JJ., concur.