■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW DOWDELL, Appellant.—Casey, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), ren-

dered June 13, 1985, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the seventh degree and reckless endangerment in the second degree.

On September 18, 1984 defendant, although he had no driver's license, drove a rented vehicle to Long Island. After he returned to Ulster County, Brenda Coddington testified that she saw defendant holding a plastic bag in the apartment that they shared and heard defendant comment to his friend, Brian Brodhead, that he was going to make a lot of money. At about 11:00 that same night defendant, Brodhead, Nancy Girard and Michael Ector drove to a nearby motel to rent a room. Defendant, who was driving, left the rented car under the canopy of the motel's rental office with the engine running and phoned the manager, who was upstairs and stated that he would be right down. Because there had been robberies in that area by persons driving rented cars, the manager became suspicious and phoned the police. After 20 minutes defendant became impatient and phoned the manager again. Police officers arrived and one officer, Sergeant Charles Brodhead of the Ulster County Sheriff's Department, happened to be the uncle of Brian Brodhead, who was sitting in the front passenger seat, with Nancy Girard and Michael Ector in the rear seat.

When questioned by Sergeant Brodhead, defendant said he was trying to get a room and had not done anything wrong. Sergeant Brodhead and Deputy Scott Weaver noticed a glassine envelope sticking out of the pouch of defendant's nylon jacket. Sergeant Brodhead asked defendant to empty his pockets and defendant replied that he was not doing anything wrong, stuffed the envelope back in his pocket and started to walk toward the car. Sergeant Brodhead stopped him and again requested that he empty his pockets. Defendant became nasty and told Brian Brodhead to inform his uncle they were not doing anything wrong. Brian Brodhead left the car and stood under the canopy of the motel. Defendant then went to the driver's seat and left the driver's door open. Sergeant Brodhead was standing between the door and the running board, when defendant suddenly shifted the car into reverse and stomped on the accelerator. The car jumped backwards, pinning Sergeant Brodhead to the door. Sergeant Brodhead put his arms over the top of the door and lifted his feet off the ground. He was carried backwards about 35 feet before he rolled over on the hood of the car and fell face down on the

blacktop. The force of the car ripped one of the canopy posts out of the ground.

After Sergeant Brodhead fell, defendant continued to back the car up. He stopped it eventually and then started to drive forward across the parking lot toward the police officers. Officer George Carlson of the City of Kingston Police Department drew his service revolver and fired a warning shot. As the car entered a grassy area headed toward Route 9W, Deputy Weaver fired a second shot at the then speeding vehicle. The officers radioed headquarters and roadblocks were set up. Defendant stopped the car after crossing the Loughran Bridge just before the roadblock and the officer in pursuit saw him leave the car and flee into a nearby field. Girard and Ector were apprehended at the scene. No one else entered or left the vehicle.

Investigator Steven Weishaupt arrived and sealed the car. The car was impounded and towed to the Sheriff's Department. When examined by Investigator Weishaupt later that night at the Sheriff's Department, the seals were still intact. Investigator Weishaupt searched the car and recovered four blue paper packets in a plastic bag. The packets were found on the console between the driver's and front passenger's seats. Subsequent scientific testing revealed that the packets contained "angel dust". After defendant's arrest, Sergeant Brodhead and Deputy Weaver returned to the motel and followed the tire marks left in the grass by defendant's vehicle. The police recovered two glassine envelopes in a brown paper bag containing one gram of cocaine. Defendant's arrest was made pursuant to a warrant at 7:00 A.M. at the apartment he shared with Coddington, where he had returned after fleeing the scene. He indicated to Coddington that he panicked when asked what was in his pocket because he was "dirty".

Defendant was subsequently indicted for the crimes of criminal possession of a controlled substance in the third degree, two counts of attempted assault in the second degree, three counts of reckless endangerment in the second degree and criminal possession of a controlled substance in the seventh degree. Following a jury trial, defendant was convicted of one count of reckless endangerment in the second degree and criminal possession of a controlled substance in the seventh degree. He was sentenced to concurrent one-year jail terms in the Ulster County Jail. The sentence has been served.

Defendant's principal argument on this appeal is that the prosecution failed to establish a sufficient factual foundation

for County Court's charge on the presumption of a controlled substance (Penal Law § 220.25 [1]) or, in the alternative, that defendant successfully rebutted the presumption, even if it is applicable. In pertinent part, Penal Law § 220.25 (1) provides that "[t]he presence of a controlled substance in an automobile * * * is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found". The prosecution concedes its requirement to prove that defendant was in the car and that illegal drugs were found in the car *(see, People v Leyva,* 38 NY2d 160, 169). Defendant contends, however, that a defendant's presence in the car and the discovery of the illegal drugs must be simultaneous for the presumption to apply *(see, People v Hunt,* 116 AD2d 812). In reply, the prosecution argues that since the car was under police observation from the time it stopped and defendant fled the scene until it was impounded, sealed and towed, and since the controlled substance was discovered some three hours later by Investigator Weishaupt, who found the seals intact when he began the search of the vehicle, the presumption is applicable and was properly charged *(see, People v Hunter,* 82 AD2d 893, *affd* 55 NY2d 930; *People v Anthony,* 21 AD2d 666, *cert denied* 379 US 983). The jury could have accepted or rejected the permissive inference to be drawn from the statute, as it was within their province to accept or reject any explanation offered by defendant to rebut the presumption *(see, People v Leyva, supra,* at 168-171). Contrary to defendant's argument, the circumstances placed defendant and the illegal drugs in the vehicle simultaneously and triggered the statutory presumption *(see, People v Hunter, supra).*

Further, it is our view that the facts and circumstances outlined above establish beyond a reasonable doubt all the essential elements of reckless endangerment in the second degree as to weight, as well as sufficiency. Accordingly, the judgment of conviction should, in all respects, be affirmed.

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.