■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY THOMAS, Also Known as MARK TURLEY, Appellant. —Kane, J. Appeal from a judgment of the County Court of Sullivan County (Leaman, J.), rendered January 27, 1989, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, perjury in the first degree, forgery in the second degree (two counts), making an apparently sworn false statement in the first degree and petit larceny, and the violation of trespass.

Defendant was returning to the City of Elmira, Chemung County, in a vehicle driven by Darryl Hall when the two stopped to repair a flat tire along State Route 17 in the Town of Monticello, Sullivan County. A Deputy Sheriff came upon

the scene and transported defendant and Hall in an unsuccessful attempt to locate a replacement tire. The two were returned and left off back at Hall's vehicle. They later proceeded to take two tires from a local automotive dealership for which they were subsequently arrested. Hall's vehicle was then impounded and 39 vials of crack cocaine were discovered in a bag under the passenger side of the front seat.

After his arrest, defendant signed a fingerprint identification card with a false name. Defendant subsequently signed a waiver of immunity with a false name and testified before a Grand Jury under the same alias. The Grand Jury indicted defendant for criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, perjury in the first degree, making an apparently sworn false statement in the first degree, two counts of forgery in the second degree, petit larceny and trespass. Defendant's pretrial motion to suppress the cocaine was denied due to lack of standing to challenge the search of Hall's vehicle. After trial, the jury found defendant guilty of all charges.

We first address those points raised by defendant on appeal regarding his trial, none of which have merit. We reject defendant's argument that the number of vials of cocaine was insufficient to prove intent to sell. Viewing the trial evidence in a light most favorable to the People (see, People v Contes, 60 NY2d 620), especially the number of vials and the testimony of Detective James Whalen which he based on his past investigative experience, the evidence was legally sufficient to establish defendant's guilt of intent to sell. We also reject defendant's argument that the false identity he submitted to the Grand Jury was immaterial to its investigation and could not support the charges based thereon. The false identification was relevant to defendant's credibility and thus material (see, People v Davis, 53 NY2d 164, 170). Furthermore, we cannot accept defendant's argument that his false signature on the fingerprint card and waiver of immunity did not misrepresent their authenticity. The misleading nature of signing a false name and the subsequent advantages to defendant, as well as his fraudulent intent, were apparent (see, People v Bigus, 115 AD2d 751, affd 68 NY2d 723).

We also reject defendant's contention that the jury charge concerning the statutory presumption of his possession of cocaine was improperly given. Defendant argues that the presumption (see, Penal Law § 220.25 [1]) only applies when a defendant and the controlled substance are found in the

vehicle at the same time. We disagree. The presumption has been allowed in cases involving contraband where (1) the defendant was observed leaving the vehicle, (2) the police observed the vehicle thereafter, and (3) the contraband was found before a nonoccupant of the vehicle could have placed it there *(see, People v Dowdell,* 136 AD2d 757; *People v Heizman,* 127 AD2d 609; *People v Hunter,* 82 AD2d 893, *affd* 55 NY2d 930).* In this case, Hall testified that, at some time during the arrest, defendant was seated in the passenger seat watching for the police and reaching toward the bottom of the seat. In addition, the testimony of the police officers who were at the scene, coupled with the car's isolated location, demonstrate the impossibility of a nonoccupant of the vehicle placing the cocaine therein. Accordingly, the charge was properly given. We likewise summarily reject defendant's contention that the issue of constructive possession required a jury charge on circumstantial evidence. The record contains both direct and circumstantial evidence and the charge on the statutory presumption of possession provided the proper standard by which to evaluate the evidence *(see, People v Pratt,* 153 AD2d 867, 868).

We must take issue, however, with County Court's denial of defendant's suppression motion for lack of standing. Defendant's pretrial omnibus motion sought, *inter alia,* suppression of the cocaine because it was discovered during a warrantless search when defendant was outside Hall's vehicle. County Court (Hanofee, J.) determined, however, that defendant lacked standing to challenge the search's validity as he had not alleged a possessory interest in the cocaine or a proprietary interest in Hall's vehicle. Defendant argues on appeal that he did have standing since he was charged with constructive possession of the cocaine pursuant to the automobile presumption *(see,* Penal Law § 220.25 [1]). When the prosecution relies on a statutory presumption of this nature, fundamental fairness requires that the defendant have standing to challenge the search which yields the contraband triggering the presumption *(see, People v Millan,* 69 NY2d 514, 520). It is clear in this instance that the prosecution relied heavily on the presumption to impute defendant's constructive possession of the cocaine. This reliance is, in our view, sufficient to give defendant the standing necessary to challenge the search *(see, supra).* Accordingly, this matter should be remitted for a hearing on defendant's motion to suppress *(see, People v Giles,* 73 NY2d 666; *People v Mullen,* 152 AD2d 260, 270-271).

Decision withheld, and matter remitted to the County Court

of Sullivan County for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ., concur.