(March 21, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY THOMAS, Also Known as MARK TURLEY, Appellant. —Yesawich, Jr., J. Appeal from a judgment of the County Court of Sullivan County (Leaman, J.), rendered January 27, 1989, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, perjury in the first degree, forgery in the second degree (two counts), making an apparently sworn false statement in the first degree and petit larceny, and the violation of trespass.

The facts surrounding defendant's arrest are detailed in this court's earlier decision *(see, People v Thomas,* 162 AD2d 822). There, we withheld decision pending a hearing on defendant's

motion to suppress. A hearing on that motion has since been held at which one of the arresting officers, Detective James Whalen, testified that he inventoried the car in which defendant was a passenger pursuant to an unwritten standardized inventory procedure. County Court credited the officer's testimony and declined to suppress the evidence because it found the search valid under the automobile exception to the warrant requirement *(see, e.g., People v Belton,* 55 NY2d 49) and, alternatively, that it was a valid inventory search of an impounded vehicle *(see, e.g., People v Gonzalez,* 62 NY2d 386).

We are unpersuaded that the People sustained their burden of demonstrating that the search was lawfully executed pursuant to the automobile exception *(see, People v Hodge,* 44 NY2d 553, 557). Whalen stated that he searched the vehicle because it was being impounded. There is no evidence in the record that the circumstances surrounding defendant's arrest for petit larceny led Whalen to believe that the vehicle contained anything that might have been used in the crime's commission *(see, People v Belton, supra,* at 55). Accordingly, the automobile exception provides no basis for sustaining this warrantless search.

There is, however, sufficient record evidence that Whalen, found to be credible by County Court, searched the car pursuant to a standardized inventory procedure. Notably, State law is consistent with Federal law in this area *(see, People v Gonzalez, supra,* at 389-390). Whalen testified that he impounded the automobile because it would have presented a hazard to other drivers if left on the interstate highway, and because the occupants were in custody and were being taken to police headquarters.

It was the usual, albeit unwritten, policy of the Sheriff's department that impounded cars be inventoried to safeguard the occupants' personal effects and to protect the department from invalid loss claims.* Any object of worth, based on the searching officer's determination of value, was then noted on an evidence record *(compare, Florida v Wells,* 495 US 1, 5 [Brennan, J., concurring]). There is no indication that Whalen deviated in any way from this standard procedure *(compare, People v Townsend,* 152 AD2d 515, 517, *appeal dismissed* 76 NY2d 746). Given the absence of any evidence that the police chose to impound this vehicle simply

---

* Although Whalen indicated that one of the purposes for searching an impounded car generally was to look for contraband, he did not suggest that this was the reason this vehicle was searched.

to investigate suspected criminal activity *(see, Colorado v Bertine,* 479 US 367, 376; *People v Gonzalez, supra,* at 391), we concur in County Court's finding that the evidence need not be suppressed.

Judgment affirmed. Mahoney, P. J., Yesawich, Jr., Levine, Mercure and Crew III, JJ., concur.

