OPINION OF THE COURT
Ruth Pickholz, J.
Defendant is charged in a superseding information with criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). By notice of motion dated June 7, 1991, defendant moves for an order granting:
1. The preclusion of statement evidence pursuant to CPL 710.30 (3);
2. The dismissal of the accusatory instrument for facial insufficiency pursuant to CPL 170.30 (1) (a); 170.35 (1) (a) and 100.40 (1); and
*3 3. The dismissal of the criminal action on the ground that defendant has been denied his right to a speedy trial pursuant to CPL 30.30 and 170.30 (1) (e).
After a review of the moving papers, the People’s response, the court file, and the applicable law, the court finds and decides as follows.
CPL 710.30 (1) (a) provides that "[w]henever the people intend to offer at a trial * * * evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible * * * they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.” If the People fail to give such notice within 15 days of arraignment, the evidence will be precluded unless the People can show good cause why the notice was not given in a timely fashion. (CPL 710.30 [3].) The absence of prejudice to a defendant does not obviate the need for the People to meet the statutory requirement of good cause before they may be permitted to serve a late notice. (People v O’Doherty, 70 NY2d 479 [1987].)
In this case, the People served notice of intention to use a statement allegedly made by defendant to a law enforcement official. The statement was in substance: "I didn’t have the car for two days. The guy I gave it to is going to get it.” Defense counsel subsequently moved to suppress this statement in an omnibus motion filed and served on December 3, 1990.
However, on January 9, 1991, the People filed a superseding information. The factual portion of this instrument states:
"Deponent observed defendant closing the rear door of a red Chevrolet license #3RU116. Deponent states that defendant gave deponent keys to said Chevrolet automobile and stated to deponent that said Chevrolet was owned by defendant.
"Deponent recovered one silver revolver from defendant’s automobile, said red Chevrolet license #3RU116.”
Defendant was thus not given notice regarding his alleged statement of ownership of the car until January 9, 1991, when the superseding information was filed.
In their response to defendant’s motion, the People do not offer any cause for the delay, but argue that the statement in issue did not require notice to defendant under CPL 710.30, because defendant was not in custody at the time and was merely responding to an investigative question by the police *4 officer. The defense specifically rebuts this assertion in its reply papers, contending that defendant did not make statements until he had been placed under arrest.
Since there is a genuine question as to the voluntariness of the statement, any evidence of this statement must be precluded. If a defendant is "even arguably * * * entitled to a pretrial hearing, the statutory notice must be supplied regardless of the District Attorney’s personal opinion that the defendant had not been subjected to custodial interrogation and regardless of the fact that, following a hearing, the trial court might reach the same conclusion.” (People v Brown, 140 AD2d 266, 270 [1st Dept 1988]; People v Greer, 42 NY2d 170 [1977]; People v Reboredo, NYLJ, Apr. 22, 1991, at 30, col 5 [Crim Ct, Kings County, Cross, J.]; cf., People v Naranjo, 140 Misc 2d 43 [Sup Ct, NY County 1988].) It is for the court, and not the People, to determine whether evidence has been constitutionally obtained. Accordingly, defendant’s motion to preclude the statement evidence pursuant to CPL 710.30 (3) is granted.
Defendant next argues that the superseding information is facially insufficient without the alleged assertions of ownership, because there are no facts to show that defendant actually possessed the gun allegedly recovered from the car. An information must state evidentiary facts which provide reasonable cause to believe that the defendant committed the offenses charged and must contain nonhearsay allegations which establish, if true, every element of the offense charged and the defendant’s commission thereof. (CPL 100.15,100.40.)
The unusual issue presented here is whether a statement which must be precluded because of lack of notice can be used to support an information, where without the statement the information would be insufficient. The parties have not cited, and the court has not found, any authority instructive on this question.
This court holds that an inadmissible statement may not support an otherwise insufficient information. Inadmissible statements clearly do not constitute the "facts of an evidentiary character” (CPL 100.15 [3]) which can alone provide "reasonable cause to believe that the defendant committed the offense charged” (CPL 100.40 [4] [b]). Any other rule would have the illogical result of allowing the People to proceed to trial upon an information that they plainly could not prove.
Since defendant’s alleged claim of ownership cannot be considered in determining whether the superseding informa *5 tian contains facts to support the charge, the instrument stands or falls solely upon the allegations that defendant was observed closing the rear door of the vehicle and subsequently gave the deponent the keys to the vehicle, from which a silver revolver was recovered. It is not alleged exactly where in the vehicle the gun was found.
The accusatory instrument clearly does not allege facts to show that defendant actually or constructively possessed the alleged weapon. There are no allegations that defendant exercised direct personal control over the weapon, or ever drove the automobile, or knew or had any reason to know of the existence or presence of the gun. Accordingly, the charge of criminal possession of a weapon can only be sustained if the information contains allegations which would entitle the People to rely upon the "automobile” presumption codified in Penal Law § 265.15 (3).
That section states, with exceptions not applicable here, that the presence of any firearm in an automobile "is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon, instrument or appliance is found” (Penal Law § 265.15 [3]). It should be noted that the presumption is not limited to situations where a defendant and contraband are found in the vehicle at the same time. It has also been allowed in cases when "(1) the defendant was observed leaving the vehicle, (2) the police observed the vehicle thereafter, and (3) the contraband was found before a nonoccupant of the vehicle could have placed it there”. (People v Thomas, 162 AD2d 822, 824 [3d Dept 1990]; People v Dowdell, 136 AD2d 757 [3d Dept 1988]; People v Heizman, 127 AD2d 609 [2d Dept 1987]; People v Hunter, 82 AD2d 893 [2d Dept 1981], affd 55 NY2d 930 [1982].)
None of these factors is present in this case. The information only indicates that defendant was closing the rear door of the automobile. It does not allege that defendant was observed leaving the vehicle or that the contraband was found before a nonoccupant of the vehicle could have placed it there. There is no indication that defendant exercised dominion over the automobile, much less uninterrupted control up and until the time the weapon was discovered. Accordingly, the allegations do not provide a basis for invoking the Penal Law § 265.15 (3) presumption.
In the absence of any allegations to support the possession element of Penal Law § 265.01 (1), the court finds the informa *6 tian to be insufficient. Defendant’s motion to dismiss for facial insufficiency is therefore granted.
In light of this disposition, defendant’s speedy trial motion is denied as moot.