■ The People of the State of New York, Respondent, v Derrick C. Williams, Appellant. [754 NYS2d 401] —Peters, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered October 5, 2000, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and tampering with physical evidence.

In the evening hours of October 20, 1999, Officer Michael

---

Barthel of the City of Kingston Police Department stopped a vehicle driven by Cheryl Scarth, in which defendant was a passenger, for vehicle and traffic violations. Upon his approach to the vehicle, Barthel smelled a strong odor of marihuana and, in response to his query concerning the marihuana, defendant admitted that he had been smoking but that it was all gone. Barthel radioed for a canine unit and waited in his police vehicle which was parked behind the Scarth vehicle. From that perspective, he observed defendant and Scarth shouting and arguing. Defendant then deposited a white material into his mouth and continued to yell at Scarth while pieces of the substance were being spit out. Barthel exited his patrol car at the same time that a police officer arrived with a canine unit. Believing the white substance to be crack cocaine, he yelled to his fellow officer that defendant was ingesting the drug; defendant displayed a residual white chalky material around his mouth when he exited the vehicle. Both defendant and Scarth were arrested and pieces of the white material were found scattered inside the vehicle. Testing of the material retrieved from the vehicle confirmed that it was cocaine; the total weight collected was 14.65 grams. No evidence was recovered from defendant's mouth or face.

Charged with two counts of criminal possession of a controlled substance in the third degree and one count of tampering with physical evidence, defendant was convicted by a jury of one count of criminal possession of a controlled substance in the third degree and tampering with physical evidence. Defendant appeals, and we affirm.

It is beyond cavil that the People were required to establish, beyond a reasonable doubt, that defendant was aware that he possessed cocaine and that the weight of the cocaine was one half of an ounce or more (Penal Law § 220.16 [12]). In furtherance thereof, the People relied upon the Penal Law provision that the presence of a controlled substance in an automobile is presumptive evidence of knowing possession by each and every individual in the vehicle at the time the controlled substance was found (Penal Law § 220.25 [1]). To be sure, "the presumption is evidentiary and rebuttable, whether by defendant's own testimony or by any other evidence in the case, including the inherent or developed incredibility of the prosecution's own witnesses" (*People v Leyva*, 38 NY2d 160, 167). The inference therefrom is permissive and can be accepted or rejected by the jury; it is also within the jury's province to accept or reject any explanation offered by the defendant to rebut the presumption (*see People v Dowdell*, 136 AD2d 757, 760; *People v Hunt*, 116 AD2d 812, 813).

Defendant asserts that the verdict is against the weight of the evidence. With the People's case relying upon the automobile presumption to prove the element of knowledge (Penal Law § 220.25 [1]), defendant contends that he rebutted the presumption by his testimony that he was unaware that there was cocaine in the Scarth vehicle, his denial that he consumed the drug and by the incredibility of police testimony.

While we agree that a different verdict would not have been unreasonable in these circumstances, we must " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62) to determine whether "the trier of fact has failed to give the evidence the weight it should be accorded" (*People v Bleakley, supra* at 495). Giving appropriate deference to the factfinder's opportunity to view the witnesses, observe their demeanor, and hear their testimony, we find, upon our review of the evidence, that there exists no basis upon which we would set aside the verdict.

Defendant additionally challenges the instruction given to the jury concerning the automobile presumption by asserting that the charge failed to state that the presumption did not shift the burden of proof to him. Having failed to preserve this issue by formally excepting to the charge after its submission to the jury, we need not consider this ascription of error. Were we to do so, we would conclude that the charge, as a whole, adequately conveyed that the People bear the burden of proof during all stages and that the jury can accept or reject the presumption based upon its evaluation of the facts.

Finally addressing defendant's assertion that he was denied the effective assistance of counsel, we find, upon viewing the evidence, the law and the circumstances of this case in its totality as of the time of counsel's representation, that meaningful representation was provided (*see People v Baldi*, 54 NY2d 137, 147). Defense counsel made appropriate opening and closing statements, examined and cross-examined witnesses and voiced appropriate objections. He also formulated a defense and called supporting witnesses. With defendant having no legitimate expectation of privacy as a passenger in the Scarth vehicle and considering the circumstances under which the drugs were found, we cannot conclude that counsel's failure to make a motion to suppress the evidence was determinative.

Mercure, J.P., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.