■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD O'BRIEN, Appellant. [769 NYS2d 654]—

Lahtinen, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered March 28, 2003, convicting defendant upon his plea of guilty of the crimes of promoting an obscene sexual performance of a child (three counts), promoting a sexual performance of a child (12 counts) and obscenity in the third degree.

Defendant challenges on several grounds police conduct that resulted in a Gateway computer being seized from his bedroom. Images of young girls found on that computer provided the basis for the charges to which he pleaded guilty.

A 17-year-old high school student wrote a letter to a school administrator claiming that defendant, a 25-year-old teacher in the school district, had engaged in improper conduct, including explicit on-line discussions with her regarding sex. Defendant was informed of the allegations by a school administrator and, shortly thereafter, defendant agreed to the request of Gerald Schatzel, a police detective, to go to the police station to answer some questions. While defendant was being questioned at the police station, Police Officer Scott Herrington was dispatched to defendant's parents' home, where defendant resided. Defendant's mother knew Herrington and invited him into the house. Herrington informed defendant's parents that, because of an accusation made against defendant by a student, he had been sent to secure defendant's computer. Herrington (and the officer who later replaced him) sat in the living room with defendant's parents waiting for defendant and other police to arrive.

In the meantime, defendant had been questioned at the police station, where he signed a consent form permitting police to take his "Comp USA Computer/Monitor" from his bedroom. Defendant proceeded to the house accompanied by Schatzel and another detective. Upon entering defendant's bedroom, the detectives observed on defendant's desk a Comp USA computer, which was fully functional, and on defendant's dresser the central processing unit tower of a Gateway computer that was not hooked to a monitor. Although the written consent was limited to one specifically described computer, the detectives started gathering computer disks and equipment from defendant's desk and also opened and searched his desk drawers until defendant and his father questioned the scope of their search. Indeed, one of the detectives admitted at the subsequent suppression hearing that he had not even read the written consent and the other acknowledged that he decided not to leave the residence with only one computer. The detectives removed from defendant's bedroom not only the Comp USA computer, but also the Gateway computer, as well as various other computer disks and equipment. Photographs discovered on the Gateway computer, while unrelated to the allegations by the student, formed the basis for many of the charges brought against defendant.

After being indicted, defendant moved to suppress the

Gateway computer and various other evidence the police had seized. A hearing was conducted and County Court (Vogt, J.H.O.) suppressed some of the seized evidence and further determined that the entry into the house by Herrington was not illegal because he had been invited in by defendant's parents and defendant was not in custody or coerced when he executed the written consent. The court further found that, although the warrantless seizure of the Gateway computer exceeded the scope of defendant's written consent, defendant lacked standing to challenge this seizure because he had disclaimed ownership of this computer. Defendant eventually pleaded guilty to 16 of the counts in the indictment and was sentenced to 180 days in jail and various periods of probation. This appeal ensued.

We turn first to defendant's argument that County Court (Vogt, J.H.O.) erred in finding that he had no standing to challenge the seizure of the Gateway computer. Although the People did not raise the standing issue before County Court, this does not—as urged by defendant—constitute a waiver of the issue (*see People v Myers*, 303 AD2d 139, 144 [2003], *lv denied* 100 NY2d 585 [2003]; *People v Hudson*, 112 AD2d 650, 651 [1985], *lv denied* 66 NY2d 615 [1985]). It was defendant's burden to establish a legitimate expectation of privacy in the Gateway computer in his bedroom (*see People v Ramirez-Portoreal*, 88 NY2d 99, 108 [1996]). The privacy evaluation has two components, "a subjective component—did *defendant* exhibit an expectation of privacy in the place or item searched" and an "objective [component]—does society generally recognize defendant's expectation of privacy as *reasonable*" (*id.* at 108 [emphasis in original]).

Clearly, society recognizes as reasonable an expectation of privacy in a computer (and the information on it) located in an individual's bedroom (*see generally* 3 Zett, NY Crim Prac § 25.9 [1] ["Because a person clearly has a reasonable expectation of privacy in his or her home, a defendant almost always has standing to contest the search of his or her primary residence."]). Moreover, the fact that defendant's written consent was expressly limited to only the Comp USA computer and monitor located in his bedroom reveals defendant's intent to maintain his privacy in all other contents of his bedroom (*see Florida v Jimeno*, 500 US 248, 251 [1991] ["The scope of a search is generally defined by its expressed object."]; 3 La Fave, Search and Seizure § 8.1 [c] [3d ed]). While the detectives testified that defendant indicated to them that the Gateway computer had belonged to his recently-deceased brother, this testimony—which County Court (Vogt, J.H.O.) found credible—was not suf-

ficient under all the circumstances to support a conclusion that defendant had no privacy interest in the Gateway computer. The police were aware that defendant's brother had been deceased for several months. Evidence at the suppression hearing established that defendant purchased the Gateway computer, he shared it with his brother before his brother's death and he had recently worked on the internal components of the Gateway computer. In light of this evidence—and particularly noting the narrow scope of the written consent and the bedroom location of the search—we find that defendant had a privacy interest in the Gateway computer and, thus, the court erred in holding that he had no standing to challenge the seizure of that computer.

While the People argued other grounds before County Court (Vogt, J.H.O.) to support seizing the Gateway computer, these were separate issues from standing and ones upon which the People had the burden of proof (*see People v Ramirez-Portoreal, supra* at 108-112). The court determined that, except for the issue of standing, defendant established that "any material seized outside the parameter set forth [in the written consent was] illegally seized." The People conceded at oral argument that, if defendant had standing regarding the Gateway computer, then the evidence from the Gateway computer would have to be suppressed. There is standing and, thus, the Gateway evidence is suppressed. Defendant's remaining arguments are academic.

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, guilty plea vacated, motion to suppress granted and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.