■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TORVIN S. PEARSON, Appellant. [894 NYS2d 210]—

McCarthy, J.

Defendant was indicted on three drug-related charges in connection with an undercover operation conducted by the Adirondack Drug Task Force in the City of Plattsburgh, Clinton County. Police set up a controlled drug buy at the residence where defendant was staying, using prerecorded currency and a confidential informant who purchased crack cocaine from Danny Boulerice, who was also living there. After the drug sale took place, defendant, Boulerice and another individual left the residence in a vehicle registered to defendant's cousin. Police effected a traffic stop and a drug sniffing dog alerted on the vehicle. A search warrant was obtained, and the vehicle and its occupants were transported to the State Police barracks in Plattsburgh. There, following a strip search, police allegedly found a quantity of crack cocaine and some of the prerecorded currency from the controlled drug buy on defendant, and he was arrested. The vehicle was secured at the State Police barracks immediately after the vehicle stop. No contraband was

found in the vehicle at the time it was initially searched pursuant to the search warrant. However, approximately one week later, while the locked vehicle remained under the control of the State Police, they received a tip from a confidential informant indicating that they may have overlooked hidden contraband in the vehicle. A second search revealed approximately 19 grams of cocaine hidden in the vehicle.

The first count of the amended indictment charged defendant with criminal possession of a controlled substance in the fourth degree based on the cocaine allegedly found on defendant during the strip search. The third count of the amended indictment charged defendant with criminal sale of a controlled substance in the second degree based on defendant's alleged participation in the controlled drug buy. A jury acquitted defendant of both of these charges. However, relying on the automobile presumption (see Penal Law § 220.25 [1]), the jury found defendant guilty of the second count of the amended indictment that alleged criminal possession of a controlled substance in the third degree based on cocaine recovered from the vehicle in which defendant was a passenger. Defendant was sentenced as a second felony offender to a term of imprisonment of 12 years and three years of postrelease supervision.

Defendant's contention that his conviction on the second count of the indictment is inconsistent with, or rendered repugnant by, his acquittal on counts 1 and 3 is not preserved for our review. " 'In order to preserve claims that a jury verdict is inconsistent or repugnant, such claims must be made before the jury is discharged, at a time when the court can resubmit the matter to the jury to obtain a consistent verdict' " (People v Murphy, 66 AD3d 1234, 1236 [2009], quoting People v Perry, 27 AD3d 952, 953 [2006], lv denied 8 NY3d 883 [2007]; see People v Alfaro, 66 NY2d 985, 987 [1985]). We decline to exercise our interest of justice jurisdiction with respect to this unpreserved contention.

Defendant preserved his challenge to the sufficiency of the evidence by moving to dismiss, specifically advancing the grounds relied upon on appeal (see CPL 450.10; People v Hines, 97 NY2d 56, 61 [2001]; People v Black, 65 AD3d 811, 813 [2009]; People v Gragnano, 63 AD3d 1437, 1440 [2009]; People v Roberts, 63 AD3d 1294, 1296 [2009]). In reviewing this challenge, we view the evidence in the light most favorable to the People (see e.g. People v Burch, 45 AD3d 1188, 1189 [2007]) to ascertain "whether there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (People v

*Steinberg,* 79 NY2d 673, 682 [1992]; *accord People v Danielson,* 9 NY3d 342, 349 [2007]). A conviction for criminal possession of a controlled substance in the third degree requires the People to prove that defendant knowingly and unlawfully possessed a narcotic drug of an aggregate weight of one-half ounce or more (*see* Penal Law § 220.16 [12]). Unrefuted testimony established that more than 19 grams of cocaine were recovered from the vehicle in which police observed defendant as a passenger, and that the vehicle had been locked and secured at the State Police barracks from immediately after the vehicle stop until the search recovered the cocaine. Contrary to defendant's argument, the fact that police discovered the contraband in the vehicle some period of time after defendant had been taken into custody does not undermine the statutory presumption where the police possessed and secured the vehicle during the intervening time frame (*see People v Thomas,* 162 AD2d 822, 823-824 [1990], *affd* 171 AD2d 945 [1991]; *People v Dowdell,* 136 AD2d 757, 760 [1988]). Defendant, therefore, failed to rebut the presumption that he knowingly possessed the cocaine discovered in the vehicle (*see* Penal Law § 220.25 [1]; *People v Warrington,* 192 AD2d 735, 735-736 [1993], *lv denied* 82 NY2d 760 [1993]; *People v Green,* 133 AD2d 170, 173 [1987], *lv denied* 70 NY2d 875 [1987]). Accordingly, legally sufficient evidence supports defendant's conviction.

Although a different verdict would not have been unreasonable, our consideration of the evidence in a neutral light, giving proper deference to the jury's determinations regarding credibility, confirms that defendant's conviction is not against the weight of the evidence (*see People v Carter,* 60 AD3d 1103, 1107 [2009], *lv denied* 12 NY3d 924 [2009]; *People v Williams,* 301 AD2d 794, 795 [2003]; *People v Dowdell,* 136 AD2d at 760).

Finally, given defendant's extensive drug-related criminal history, we find that County Court did not abuse its discretion in imposing the maximum permissible sentence as a second felony offender and no extraordinary circumstances exist warranting modification (*see People v Fairley,* 63 AD3d 1288, 1290-1291 [2009], *lv denied* 13 NY3d 743 [2009]; *People v Patchen,* 46 AD3d 1112, 1114-1115 [2007], *lv denied* 10 NY3d 814 [2008]).

We have reviewed defendant's remaining contentions and find them to be lacking in merit.

Cardona, P.J., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.