People v Maldonado (2018 NY Slip Op 07198)





People v Maldonado


2018 NY Slip Op 07198


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

108421

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
FRANK MALDONADO, Appellant.

Calendar Date: September 11, 2018

Before: Garry, P.J., Clark, Mulvey, Rumsey and Pritzker, JJ.


Carolyn B. George, Albany, for appellant.
P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered April 4, 2014 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree.
In December 2012, defendant was driving a vehicle that was stopped by State Troopers Jeffrey Devine and James Redden after they observed the vehicle change lanes without signaling. Upon searching the vehicle, Devine found a potato chip bag that held a clear plastic bag containing cocaine. Defendant and David Colon, a passenger, were thereafter charged with criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree. Supreme Court denied defendant's motion to suppress the cocaine seized during the traffic stop and, following a jury trial, defendant was convicted as charged and sentenced to an aggregate prison term of 8½ years followed by five years of postrelease supervision. Defendant appeals.
Defendant first contends that Supreme Court erred by denying his motion to suppress. His argument that changing lanes without signaling does not constitute a traffic violation providing probable cause for a traffic stop is unavailing. It is well settled that probable cause exists for a traffic stop if an officer observes a person committing a traffic violation, and changing lanes without signaling is a violation of Vehicle and Traffic Law § 1163 (see People v Wynn, 149 AD3d 1252, 1253-1254 [2017], lv denied 29 NY3d 1136 [2017]; People v Rasul, 121 AD3d 1413, 1415 [2014]; People v Horge, 80 AD3d 1074, 1074 [2011]).
Defendant's argument that the verdict was not supported by legally sufficient evidence because he overcame the presumption created by Penal Law § 220.25 (1) — that he knowingly possessed a controlled substance because he was an occupant of the vehicle when it was discovered — was not preserved by the general motions to dismiss that were made upon the close [*2]of the People's proof and again at the conclusion of all proof (see People v Carter, 40 AD3d 1310, 1311 [2007], lvs denied 9 NY3d 873, 879 [2007]; People v Parker, 29 AD3d 1161, 1162 n 1 [2006], affd 7 NY3d 907 [2006]). Finally, defendant's argument challenging the instruction given to the jury regarding the automobile presumption was not preserved for our review because he made no objection to this instruction at trial (see People v Williams, 301 AD2d 794, 796 [2003]).[FN1]
Garry, P.J., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: As defendant failed to join in objections made by the codefendant, he did not preserve his arguments with respect thereto (see People v Richardson, 162 AD3d 1328, 1331 n [2018]).