People v Colon (2019 NY Slip Op 08449)





People v Colon


2019 NY Slip Op 08449


Decided on November 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2019

109181

[*1]The People of the State of New York, Respondent,
v
David Colon, Appellant.

Calendar Date: October 10, 2019

Before: Egan Jr., J.P., Clark, Mulvey and Devine, JJ.


Catherine A. Barber, Guilderland, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



Clark, J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered April 2, 2014 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree and unlawful possession of marihuana.
In December 2012, defendant was in the front passenger seat of a vehicle operated by his codefendant, Frank Maldonado, when that vehicle was stopped by State Police for failure to signal a lane change. During the traffic stop, defendant voluntarily surrendered a quantity of marihuana and, following a search of the vehicle, more than four ounces of cocaine were discovered. Defendant and Maldonado were thereafter jointly charged by indictment with criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree, and defendant was additionally charged with unlawful possession of marihuana.
Prior to trial, defendant moved to be tried separately from Maldonado, and County Court (Herrick, J.) reserved decision pending completion of all pretrial hearings. Thereafter, County Court conducted a combined Mapp/Dunaway/Huntley hearing, and Supreme Court (Breslin, J.) conducted a Sandoval hearing. The matter ultimately proceeded to a joint jury trial, without a decision on defendant's motion for a separate trial having been memorialized in the record. Following that trial, defendant was found guilty as charged.[FN1] Supreme Court sentenced defendant to eight years in prison and five years of postrelease supervision on his conviction for criminal possession of a controlled substance in the second degree and five years in prison and one year of postrelease supervision on his conviction for criminal possession of a controlled substance in the third degree, with the sentences to run concurrently. Defendant was also sentenced to a conditional discharge on the conviction for unlawful possession of marihuana. Defendant appeals.
Initially, we find no merit to defendant's assertion that his convictions for criminal possession of a controlled substance in the second degree and third degree are based upon legally insufficient evidence and are against the weight of the evidence. In reviewing a legal sufficiency claim, this Court must, viewing the evidence in the light most favorable to the People, evaluate "whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion[s] reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged" (People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Reed, 22 NY3d 530, 534 [2014]). In contrast, a weight of the evidence review requires us to first determine whether, based on all of the credible evidence, a different verdict would have been unreasonable and, if not, to weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the evidence to determine if the verdict is supported by the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]; People v Bleakley, 69 NY2d at 495).
As relevant here, "[a] person is guilty of criminal possession of a controlled substance in the second degree when he or she knowingly and unlawfully possesses . . . one or more preparations, compounds, mixtures or substances containing a narcotic drug and said preparations, compounds, mixtures or substances are of an aggregate weight of four ounces or more" (Penal Law § 220.18 [1]). "A person is guilty of criminal possession of a controlled substance in the third degree when he [or she] knowingly and unlawfully possesses . . . a narcotic drug with intent to sell it" (Penal Law § 220.16 [1]). Where, as here, a defendant is not found in physical possession of the controlled substance, constructive possession can be established upon a showing that he or she "exercised 'dominion or control' over the property by a sufficient level of control over the area in which the contraband is found" (People v Manini, 79 NY2d 561, 573 [1992]; see Penal Law § 10.00 [8]; People v Vargas, 72 AD3d 1114, 1116 [2010], lv denied 15 NY3d 758 [2010]). Further, under the automobile presumption, "[t]he presence of a controlled substance in an automobile, other than a public omnibus, is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found" (Penal Law § 220.25 [1]).
The evidence established that roughly 5.6 ounces of cocaine was discovered inside a Bugles chip bag that was secreted within a loose panel near the vehicle's shifter. The state troopers involved in the traffic stop testified that defendant displayed a series of "tells" associated with drug interdiction, including voluntarily relinquishing a quantity of marihuana, appearing nervous and looking toward the area where the drugs were secreted. They also consistently testified that defendant's shoulders slumped when he saw that the chip bag had been discovered. The trooper who approached the passenger side of the vehicle, where defendant was seated, stated that he had observed defendant bent over and reaching around the carpet of the vehicle. Additionally, the testimony demonstrated that defendant claimed at the start of the traffic stop that his stomach hurt and that he was on the way to a hospital, but that he repeatedly refused medical attention and did not later display any outward signs of discomfort. Finally, a detective with the City of Albany Police Department testified that, based upon his training and experience in investigating drug trafficking, the quantity of cocaine seized and the "chunkiness" of the cocaine — such that it appeared to have been broken off a brick of cocaine and not yet "milled" or grinded down for street sale — were indicative of "possess[ion] for distribution purposes." Viewed in the light most favorable to the People, the foregoing evidence was legally sufficient to support defendant's convictions for criminal possession of a controlled substance in the second and third degrees (see People v Pearson, 69 AD3d 1226, 1228 [2010], lv denied 15 NY3d 755 [2010]; compare People v Burns, 17 AD3d 709, 710-711 [2005]). Although a different verdict would not have been unreasonable, viewing the evidence in a neutral light and deferring to the jury's credibility determinations, we further find that such convictions are not against the weight of the evidence (see People v Dunbar, 129 AD3d 419, 419-420 [2015], lv denied 26 NY3d 1008 [2015]; People v Pearson, 69 AD3d at 1228; People v Carter, 60 AD3d 1103, 1107 [2009], lv denied 12 NY3d 924 [2009]).
However, we agree with defendant that his motion for a separate trial should have been granted (see CPL 200.40 [1]). "[S]everance is compelled where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer [the] defendant's guilt" (People v Mahboubian, 74 NY2d 174, 184 [1989]; accord People v Cardwell, 78 NY2d 996, 997-998 [1991]). Through counsel and by testifying on his own behalf, Maldonado denied knowledge of the cocaine's existence in his car and instead pointed the finger at defendant. Specifically, he testified that defendant had brought the Bugles chip bag into the car, that he did not know the contents of that bag, that he would not have allowed the bag in his car if he did and that defendant had his hands in the area where the bag was later discovered when the traffic stop was initiated. In contrast, defendant argued — through counsel and without testifying — that he lacked knowledge of the cocaine's presence in the car and that the cocaine must have belonged to Maldonado, given that it was found in Maldonado's car and that he had a criminal history involving drug possession and distribution — a subject brought out during cross-examination of Maldonado. By seeking to implicate each other, defendant's and Maldonado's defenses were clearly antagonistic, mutually exclusive and irreconcilable, and created "a significant possibility that the jury unjustifiably concluded by virtue of the conflict itself that both defenses were incredible and gave undue weight to the [People's] evidence" (People v Mahboubian, 74 NY2d at 186; see People v McGuire, 148 AD3d 1578, 1579 [2017]; People v Kyser, 26 AD3d 839, 840 [2006]). Accordingly, as it was error to proceed to a joint trial, the judgment of conviction must be reversed and the matter remitted. Defendant's remaining contention is rendered academic by our determination.
Egan Jr., J.P., Mulvey and Devine, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Maldonado was similarly convicted as charged. Based upon the arguments raised on appeal, this Court affirmed the judgment of conviction (People v Maldonado, 165 AD3d 1486 [2018]).